WILLIAM HUNT & another *vs.* MARY E. SIMESTER, executrix.

Suffolk.   March 10, 1916. — April 6, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Judgment*, Petition to vacate.   *Bond*, Supersedeas.   *Practice, Civil*, Amendment.

On a petition, filed under R. L. c. 193, §§ 15-17, to vacate a judgment in the sum of over $15,000, a judge of the Superior Court issued an order that notice issue and that, upon the filing of a bond for $5,000, a writ staying execution should issue. The error in accepting a bond insufficient in amount was called to the attention of the judge at the hearing on the return day of the notice, and thereupon the petitioner proffered a bond sufficient in character and amount, which the judge, subject to an exception by the respondent, approved.   Thereafter the judge ordered that the judgment be vacated and that a writ of supersedeas should issue.   *Held*, that, the hearing upon the petition being still open at the time of the acceptance of the proper bond, the court had power and authority to correct the error in the acceptance of the insufficient bond by the acceptance and filing of the new bond which was legally sufficient.

The granting of a petition for the vacation of a judgment rests largely in the discretion of the judge.

In the present case, where such a petition was granted upon evidence from which it appeared that the attorney for the defendant in an action of contract, returnable in the Superior Court in the county of Suffolk, on the day before the last day within which an appearance could be entered for the defendant went to the office of the clerk of the court, that, having searched for the case in the general index of pending cases without success because the case was not there, he asked assistance of a subordinate in the office to whom he handed the summons, that such subordinate after an inquiry reported that the case was not entered, that the attorney then searched the list of non-entered writs without success and departed without leaving an appearance card with the clerk, and that the case was properly listed in an index called a "current index," that the defendant was defaulted for non-appearance and that the judgment sought to be vacated was entered against him, it was *held*, that it could not be said that the judge in vacating the judgment had exercised his discretion improperly.

———

* *Brown*, J., who ordered a verdict for the defendant.

PETITION, filed in the Superior Court on September 23, 1915, for the vacation of a judgment obtained by the respondent against the petitioners.

In the Superior Court the petition was heard by *Wait*, J. The material facts are stated in the opinion.

The judge granted the petition on the terms, and subject to the respondent's exception, described in the opinion, and reported the case for determination by this court.

*W. R. Bigelow & V. J. Loring,* for the respondent.

*F. P. Cabot,* for the petitioners.

PIERCE, J. The writ in this action, without attachment of property or bond to dissolve an attachment, was entered in the Superior Court of Suffolk County on August 2, 1915.

The defendants, the present petitioners, had accepted service of the writ. On August 11, 1915, the day before the time for an appearance would expire, the defendants' attorney went to the office of the clerk of the Superior Court for the purpose of filing an appearance if the writ had been entered. He testified that he had examined the indexes and was unable to find the case; that the "defendants' index" was missing; that he went to one of the clerks, a male clerk at the counter, and told him that he was unable to find the case; that the clerk said, "You go right inside and they will help you;" that he went inside, presented the summons to a clerk, who came forward to meet him; that he said to her, ".I have been unable to find that this case has been entered. Will you see if you can find it;" that she went out of sight at first, and came back and said, "The index is inside. One of the clerks has it working on it, and I will go and ask him;" that she went inside, to one of the desks, where this clerk was working on the index, and came back with the information that the case had not been entered; that he then looked among the non-entries to see if the writ was there, and, not finding it, went back to his office; and on August 14, 1915, he went on a vacation.

Other testimony established that there are in the clerk's office a general index of pending cases and an index of current cases, and that an examination of the last named index would have shown that the entry of the writ had been duly made.

It is argued that inquiry should have been made of the entry

clerk, at the sheriff's office or of the plaintiffs' counsel, if the case was not found among the non-entries.

On August 23, 1915, the plaintiffs recovered judgment against the defendants on default for non-appearance for the sum of $15,575.30 damages, and $22.54 costs.

On September 9, 1915, execution issued on said judgment.

On September 23, 1915, the petitioners, defendants, filed this petition under R. L. c. 193, §§ 15, 16, 17. The court ordered that notice issue returnable on September 30, 1915, and that, upon the filing of a bond for $5,000, supersedeas should issue. On September 25, 1915, a bond for $5,000 was filed and a writ of supersedeas issued.

On September 30, 1915, before the introduction of any evidence upon the petition to vacate the judgment, the judge's attention was directed to the manifest irregularity and error in the order whereby a writ of supersedeas had issued upon the filing of a bond with the penal sum less than the amount of the judgment sought to be vacated. The petitioners proffered a bond in substantially the same form as the former bond, but in the penal sum of $20,000, and thereupon, on October 2, 1915, the judge made the following order thereon: "Bond filed and approved and if the court has authority to so order, this bond may stand as substitute for the bond heretofore given under the supersedeas heretofore issued." Thereupon the court made the following order upon the petition to vacate judgment: "Judgment vacated and supersedeas ordered to issue." On October 2, 1915, a second writ of supersedeas was issued staying the respondent's execution. On October 5, 1915, the respondent filed exceptions and on October 14, 1915, claimed an appeal.

By agreement of the parties the case was reported upon the following terms: "If the full court shall be of opinion that upon all the record as matter of law the order to vacate the judgment is erroneous it is to be set aside and such other or further order shall be made as justice requires."

The hearing upon the petition to vacate the judgment was open at the time the second bond was approved, and no good reason is shown why the court, having jurisdiction of the case, had not power and authority to correct its error in receiving the first bond by the acceptance and filing of an admittedly legal and sufficient

new bond. Had the judgment been vacated upon the filing of the first bond, and the case brought to the full court upon error and appeal, the order of the Superior Court must have been set aside, the judgment reversed and the petition remanded to the Superior Court for further proceedings. *Davis* v. *National Life Ins. Co.* 187 Mass. 468. And in that event, the Superior Court would have been empowered to make an order like the one in fact made. There would seem to be no necessity for such circuity of action.

The granting of a petition for the vacation of a judgment rests largely upon the discretion of the judge, and we cannot say, upon the reported facts that the petitioner or his attorney was so negligent in learning the facts and in failing to enter an appearance to the respondent's writ, that the judge could not as a matter of law grant the petition to vacate the judgment. *Boston* v. *Robbins*, 116 Mass. 313. *Keene* v. *White*, 136 Mass. 23. *Soper* v. *Manning*, 158 Mass. 381.

No errors appear in the record, and the order must be affirmed.

*So ordered.*