Rose M. Porter *vs.* Travelers Insurance Company.

Suffolk.    December 3, 1920. — December 3, 1920.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Carroll, JJ.

*Judgment,* Vacation.  *Practice, Civil,* Exceptions, Amendment.

On an exception to the dismissal of a petition for the vacation of a judgment for the defendant in an action brought by the petitioner as plaintiff, it appeared that the action had been entered in the Superior Court in 1907; that on the plaintiff's motion it was ordered on June 6, 1917, that the action be continued "to be disposed of on or before January 7, 1918, or to be on that date dismissed; no further extension to be granted to the plaintiff;" that the record did not show the grounds for the making of the order; that the case in fact was continued until January 18, 1918, when a motion was filed for entry of judgment for the defendant; that on January 26 the action was dismissed as of January 7, 1918, in accordance with the order of June 6, 1917, and that there were no sit-

tings of the Superior Court from December 21, 1917, to January 14, 1918. *Held,* that

(1) The making of the order of June 6, 1917, rested in the sound discretion of the Superior Court and there was nothing to show an unwise exercise of that discretion;

(2) The granting or denial of a petition to vacate a judgment is largely discretionary, and the record did not show a failure to exercise sound judgment.

Where, upon an exception to the denial of a motion to amend a bill of exceptions, the record shows merely the motion and its denial, the exception must be overruled.

PETITION, filed in the Superior Court on March 5, 1918, for the vacation of a judgment for the respondent in an action brought by the petitioner against it.

In the Superior Court the petition was heard by *Hitchcock,* J. Material facts are stated in the opinion. The petition was denied; and the petitioner alleged exceptions, which, after the death of *Hitchcock,* J., were allowed by *Wait,* J., on April 9, 1920.

On October 6, 1920, the petitioner moved to amend her bill of exceptions by adding allegations to the effect that she was ready to try her action against the respondent "at any time during the first week in January, 1918; that she asked the court to assign said cause for trial sometime in the months of November or December, 1917, but Mr. Badger [the defendant's counsel] requested the court to order it for trial the first week in January, 1918, and Justice Hall so ordered, thereby limiting this plaintiff to the first week in January, 1918, to try this cause."

The motion was heard and was denied by *Wait,* J., and the petitioner alleged a further exception thereto.

*R. M. Porter, pro se.*

*C. M. Pratt, (W. I. Badger* with him,) for the respondent.

BY THE COURT. This is a petition to vacate a judgment. The action was entered in August, 1907, and was continued from time to time until June 6, 1917, when on the plaintiff's motion it was ordered that the case be continued "to be disposed of on or before January 7, 1918, or to be on that date dismissed; no further extension to be granted to the plaintiff. Terms of continuance, $15 to be paid on or before January 7." No evidence is reported as to the grounds for making this order. Such order under the circumstances here disclosed rested in sound judicial discretion. There is nothing to show that it was not wisely exercised. Rule

27 of the Superior Court (1915). The case was in fact continued until January 18, 1918, when a motion was filed for entry of judgment. The court on January 26, 1918, ordered that as of January 7, 1918, the action be dismissed in accordance with order of June 6, 1917. On January 14, 1918, judgment was entered. Motion to vacate the judgment was seasonably filed, and was denied, as stated in the exceptions, "notwithstanding your petitioner presented to the court evidences that said jury sessions of the Superior Court for the county of Suffolk were closed by order of the court from December 21, 1917, to January 14, 1918." It is manifest that even in view of the suspension of the sittings of the court, the order for judgment might be entirely just. The granting of a motion to vacate judgment is largely discretionary. There is nothing to show failure to exercise sound judgment. *Hunt* v. *Simester*, 223 Mass. 489, 492.

The record is bare of any indication that the denial of the motion to amend the exceptions was not right. *Commonwealth* v. *Dow*, 217 Mass. 473, 482, 483.

*Exceptions set forth in each bill of exceptions overruled.*