JAMES L. KARRICK *vs.* WILLIAM R. TRASK & another.

Suffolk. March 7, 8, 1921. — May 27, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, & CARROLL, JJ.

*Writ of Error. Judgment. Practice, Civil,* Service of process. *Equity Jurisdiction,* To enjoin the enforcement of a judgment in an action at law. *Equity Pleading and Practice,* Bill.

It *seems*, that, a judgment recovered in an action at law being reversible upon a writ of error where it appears that service of the writ in the action at law was made at the last and usual place of abode of the defendant at the time when he was absent from the Commonwealth, that his absence continued until after the entry of judgment and that no further notice of the pendency of the action was given under R. L. c. 170, a bill in equity to enjoin the enforcement of such a judgment cannot be maintained if a special demurrer is interposed on the ground that the plaintiff has an adequate remedy at law.

In a suit in equity to set aside a judgment recovered in an action at law upon a promissory note made jointly by the plaintiff and his wife, the bill alleged facts showing that no proper service of the writ was made upon the defendant in the action at law but that he appeared specially and filed "a plea of bankruptcy" based on a discharge in bankruptcy which had been granted him subsequent to the date of the writ, and that the court ordered judgment in favor of the plaintiff. Upon a general demurrer to the bill it was *held* that

(1) It must be assumed that the defendant invoked and obtained the judgment of the court on the validity and sufficiency of the discharge;

(2) Notwithstanding the fact that the defendant alleged that his appearance was special, the proceedings should be given the effect of a general appearance which is sufficient to support a personal judgment.

BILL IN EQUITY, filed in the Supreme Judicial Court on August 12, 1920, against William R. Trask and John F. McKay to enjoin the enforcement of a judgment recovered by the defendant Trask against the plaintiff and his wife in an action at law. Material allegations in the bill are described in the opinion.

The defendant J. F. McKay filed a special appearance and, without waiving his special appearance, filed a demurrer and an answer. The defendant W. R. Trask filed a demurrer which, as amended, alleged that the bill " sets forth no facts entitling the plaintiff to relief in equity."

The suit was heard by *Pierce*, J., upon the demurrer of the defendant W. R. Trask and the demurrer was sustained. Later the suit was heard by *Jenney*, J., and, the plaintiff not desiring to amend the bill, a final decree was entered by his order dismissing the bill. The plaintiff appealed.

*R. C. Evarts*, for the plaintiff.

*R. Homans & W. S. Downey*, for the defendant Trask.

The defendant McKay submitted his case without argument or brief.

BRALEY, J. The demurrer that the plaintiff has not stated a case which entitles him to relief in equity admits all the material allegations of the bill. At the date of service of the writ in the

action at law at his last and usual place of abode, the defendant, now the plaintiff in the present suit, was absent from the Commonwealth and his absence continued until after the entry of judgment. No further notice of the pendency of the action having been given under R. L. c. 170, the judgment was reversible on a writ of error. *Porter* v. *Prince*, 188 Mass. 80. *Langdon* v. *Doud*, 6 Allen, 423. See *Nichols* v. *Vaughan*, 217 Mass. 548, 551; *Joyce* v. *Thompson*, 230 Mass. 254. And, the remedy at law being ample, there is no relief in equity. *Hildreth* v. *Thibodeau*, 186 Mass. 83. *Stephenson* v. *Davis*, 56 Maine, 73, 74, 75.

The demurrer however being general, it will be overruled if any of the claims stated in the bill come within the jurisdiction of the court. *Granara* v. *Italian Catholic Cemetery Association*, 218 Mass. 387. *Kimberly* v. *Sells*, 3 John. Ch. 467.

It is further alleged, relying on the doctrine of *Brooks* v. *Twitchell*, 182 Mass. 443, that the defendant Trask who then was counsel for the plaintiffs but has since been substituted for them as plaintiff and is the judgment creditor, knew when the writ was served that the defendant "no longer resided in Massachusetts," and, the return of service having been false, he should be enjoined from enforcing the judgment, which was fraudulently obtained. It is unnecessary to decide this question.

The bill further alleges that after the action had been entered and was pending, the defendant appeared specially and pleaded his discharge in bankruptcy in bar of the plaintiff's recovery. While the court had jurisdiction of the action brought to recover the amount due on a promissory note made jointly by him and his wife, who also had been joined as a party, this did not authorize the entry of a personal judgment. *Locomobile Co. of America* v. *Commonwealth*, 232 Mass. 16, 18. But by filing "a plea of bankruptcy" based on his discharge subsequent to the date of the writ, which was disposed of by an order for judgment in favor of the plaintiff, which has been duly entered, it must be assumed that the defendant invoked and obtained the judgment of the court on the validity and sufficiency of the discharge. The defence having gone to the merits, we are of opinion that, notwithstanding counsel appeared "specially," the proceedings should be given the effect of a general appearance which is sufficient to support a personal judgment. *Ames* v. *Winsor*, 19 Pick. 247, 249. *Britton*

v. *Goodman,* 235 Mass. 471, 475. See *Cheshire National Bank* v. *Jaynes,* 224 Mass. 14, 19. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 379, is distinguishable. The defendant in that case filed a plea to the jurisdiction which was held not to have been waived by arguing the question whether a preliminary injunction should issue, under a reservation assented to by the presiding judge expressly saving all rights under the plea. But in the case at bar no plea to the jurisdiction appears to have been interposed, or reservation made of any rights under the special appearance when the issue of the effect of the discharge was heard and determined.

The demurrer of the defendant Trask was rightly sustained, and the decree dismissing the bill should be affirmed with costs.

*Ordered accordingly.*