JAMES H. ROLLINS *vs.* BAY VIEW AUTO PARTS COMPANY.

Essex.    March 17, 1921. — September 15, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Insurance,* Against liability.    *Attorney at Law.    Practice, Civil,* Findings by ·trial judge, Appearance.    *Estoppel.    Waiver.    Notice.    Judgment,* Vacation.    *Verdict.*

A judge, who heard, without a jury, an action for personal injuries caused by a collision with a motor vehicle of the defendant, among other findings found that attorneys for an insurance company, which had issued to the defendant a policy protecting him against loss resulting from such an action, were not authorized to appear for the defendant in the action after the company had disclaimed liability under the policy, the defendant had been defaulted, damages had been assessed, a general judgment had been entered, execution had been issued and had been returned unsatisfied, and the plaintiff had petitioned for a vacation of the judgment for the purpose of striking out a count in the declaration for consequential damages to the plaintiff's wife, which the policy did not cover, and of obtaining a judgment solely for damages caused by his own personal injuries so that a bill in equity against the insurance company under St. 1914, c. 464, § 2, might be maintained.    The record before this court showed that the finding was made on evidence outside of the policy.    *Held,* that the judge's finding was not conclusive.

A policy of insurance protecting the insured against loss resulting from injuries to others caused by the operation of a motor vehicle contained provisions that the insurer would defend in the name and on behalf of the insured any suits which at any time might be brought against him on account of such injuries and would save the insured harmless from costs, interest and expenses involved therein. The policy was issued subject to conditions that the insured, immediately upon the occurrence of an accident, would give written notice to the insurer with fullest information obtainable and, if any suit was brought against him on account of the accident, would forward to the insurer immediately every summons or other process served upon him; that the insured would not voluntarily assume any liability, settle any claim or incur any expenses except at his own cost, would not interfere in any negotiations for settlement or legal proceedings without the consent of the insurer and, when requested by the insurer, would aid in effecting settlements, securing evidence, the attendance of witnesses and the prosecuting of appeals.    A further condition was that, upon payment of loss or expense under the policy, the insurer should be subrogated, to the amount of such payment, to all rights of recovery therefor of the insured against others.    *Held,* that

(1) The policy imposed the duty and conferred the authority upon the insurer to defend in the name and on behalf of the insured any and all actions brought against the insured and founded upon causes of action alleged to arise out of the risks covered by the insurance;

(2) The exercise of the power and authority thus conferred was not dependent upon further assent or ratification by the insured;

(3) Such power and authority continued so long as the contract of insurance endured as a valid agreement.

The declaration in an action of tort brought by a man against a corporation contained two counts, one for personal injuries resulting from a collision with a motor vehicle of the defendant and one for consequential damages due to injuries received by the plaintiff's wife in the same collision. The defendant gave due notice of the claim and action to an insurance company which had issued to him the policy above described protecting him against loss resulting from such an action as that described in the first count. The company disclaimed liability and declined to defend. The defendant was defaulted, damages were assessed, a general judgment for the plaintiff was entered and an execution was issued. The plaintiff thereupon brought against the corporation and the insurance company a bill in equity under St. 1914, c. 464, seeking to satisfy his judgment from the obligation created by the policy. A demurrer to the bill was sustained. The plaintiff thereupon returned his execution to court in no part satisfied and filed a petition to vacate the judgment in the action at law on the ground that his rights were prejudiced by the general verdict. No notice of the petition was given to the insurance company. The petition was granted and the judgment was vacated by a judge other than the one before whom the action previously had been tried. Thereafter the attorney for the insurance company filed a "special appearance for the defendant" and a motion to set aside the order allowing the petition to vacate the judgment. The motion was denied. Upon motion of the plaintiff, the "special appearance for the defendant" was stricken out. The plaintiff then waived the second count in his declaration, the action was heard on its merits by a judge without a jury and judgment was entered on the first count for the plaintiff. *Held*, that

(1) The conduct of the insurance company had not been such with respect to the plaintiff as to estop it from exercising its right and power to enter upon the defence of the action he had brought against the defendant at any time it saw fit;

(2) There was nothing in the conduct of the insurance company toward the defendant which prevented the insurance company from undertaking to defend the action at the time it attempted to do so;

(3) The earlier disclaimer by the insurance company of liability under the policy was not an estoppel against changing its position in this regard and undertaking the defence of the action;

(4) While the circumstance that the case had gone to judgment did not prevent the insurance company from asserting in behalf of the defendant what rights then remained to it, it must take the litigation as it was at the time when such right to defend was asserted;

(5) The insurance company, having waited until after the judgment had been vacated before it came in to defend, had no right to attack that action of the court except for causes, if any, which might have been open to it if it had been heard originally upon the petition to vacate the judgment;

(6) The plaintiff was under no obligation to notify the insurance company of its petition to vacate the earlier judgment;

(7) The fact that the plaintiff had commenced a proceeding under St. 1914, c. 464, § 2, imposed upon him no obligation to notify the insurance company of further proceedings in the action at law against the defendant;

(8) The insurance company, by disclaiming liability under the policy and declining to undertake the defence of the action, waived its rights to notice which

it would have received through its attorneys if it had availed itself of its privileges under the policy of insurance;

(9) The proceedings of the court in reversing the judgment were regular under R. L. c. 193, §§ 14–17;

(10) There is no requirement of the law that a petition to vacate a judgment shall be heard by the same judge who presided at the trial of or heard the action at the time the verdict or finding upon which the judgment was founded was made;

(11) The power to reverse the judgment for the cause set forth in the petition carried with it the power to set aside the verdict; reversal of judgment for such cause implied a setting aside of the verdict;

(12) There was no error in allowing the motion to strike out the "special appearance for the defendant" filed by the attorney for the insurance company;

(13) The mere fact, that the attorney who filed the "special appearance for the defendant" was the attorney for the insurance company, gave him no right to appear specially when the terms of the policy of insurance conferred upon him the express right to appear generally;

(14) The filing of the several motions on behalf of the defendant by the attorney for the insurance company was or might have been treated as in effect a general appearance;

(15) The granting of a petition to vacate a judgment ordinarily rests largely in sound judicial discretion, and there did not appear to have been in the circumstances an abuse of discretion;

A refusal of a request, presented to a judge hearing an action without a jury, for a finding of fact upon which the evidence was conflicting, is not subject to revision.

TORT, with a declaration as amended for personal injuries suffered by the plaintiff by reason of a collision between a motor vehicle of the defendant and one in which the plaintiff was riding. Writ dated July 23, 1917.

The proceedings in the Superior Court are described in the opinion. The policy of insurance issued to the defendant by the Standard Accident Insurance Company contained, among others, the following agreements:

" 3. To defend in the name and on the behalf of the assured any suits which may at any time be brought against him on account of such injuries, including suits alleging such injuries and demanding damages therefor, although such suits, allegations or demands are wholly groundless, false or fraudulent.

" 4. To pay all costs taxed against the assured in any legal proceedings defended by the company, all interest accruing after entry of judgment upon such part of the same as is not in excess of the company's limit of liability as hereinafter expressed, and all expenses incurred by the company for investigation, negotiation or defence."

The policy was subject to the following, among other, conditions:

" G. The assured upon the occurrence of an accident shall give immediate written notice thereof, with the fullest information obtainable, to the company at its home office, Detroit, Michigan, or its duly authorized agent. He shall give like notice, with full particulars, of any claim made on account of such accident. If, thereafter, any suit is brought against the assured he shall immediately forward to the company every summons or other process served on him. The assured shall not voluntarily assume any liability, settle any claim or incur any expense except at his own cost, or interfere in any negotiations for settlement or legal proceeding without the consent of the company previously given in writing. The assured, when requested by the company, shall aid in effecting settlements, securing evidence, the attendance of witnesses, and in prosecuting appeals."

" K. In case of payment of loss or expense under this policy the company shall be subrogated, to the amount of such payment, to all rights of recovery for such loss or expense by the assured against persons, corporations or estates."

The hearing in the Superior Court, described in the opinion, was by *Quinn*, J., without a jury. The attorneys for the insurance company on behalf of the defendant presented the following requests for rulings and findings:

" 1. Upon all the evidence the plaintiff is not entitled to recover.

" 2. The plaintiff is not entitled to recover in this case for the reason that the court had no power to set aside the former verdict herein after judgment was entered and execution had issued.

" 3. There having been no mistake, fraud or error in the former verdict herein, the court had no power to vacate the judgment therein and to set aside said verdict and to order said action to be brought forward on the docket of the court to be tried and disposed of as if said verdict and judgment had not been rendered.

" 4. The power to vacate a judgment does not also involve the power to set aside the verdict upon which that judgment was rendered. The verdict could only be set aside after hearing by the judge who tried the case, he being still in active service on the bench. Therefore the setting aside of the verdict in this case was improper.

" 5. The plaintiff cannot recover because I am not satisfied that at the time of the accident the automobile in question was being driven on the business of the defendant corporation, or that the driver . . . was driving this automobile in the course of business for said corporation.

" 6. Inasmuch as it was admitted that prior to the motion for vacating judgment a bill in equity had been filed against the Standard Accident Insurance Company to recover under the provisions of St. 1914, c. 464, § 2, and inasmuch as it was further admitted that no notice of the petition to vacate the judgment was served upon or given to the said Standard Accident Insurance Company, the judgment was improperly vacated and the verdict improperly set aside."

The judge found for the plaintiff in the sum of $7,500 and filed the following finding and memorandum of decision:

" Plaintiff's motion 'that special appearance of Hurlburt, Jones and Hall [attorneys for the insurance company] be vacated, and that the defendant's motion, so called, . . . to set aside the order of June 20, 1918, [allowing the petition of the plaintiff to vacate the former judgment in the action] be dismissed,'— allowed.

" The defendant's motion of October 4, 1918, to set aside order of June 20, 1918, denied.

" I find as a fact that Hurlburt, Jones and Hall were not authorized by the defendant to appear for it, nor was their appearance in any way ratified. I further find that the Standard Accident Insurance Company failed and declined to appear and defend this suit, as provided by the terms of the policy issued by it to the defendant, and rule, as a matter of law, that said Insurance Company is estopped to be heard on the matter of the vacation of said judgment. If I err in so ruling, defendant's requests for rulings are refused."

Hurlburt, Jones and Hall, Esquires, filed a claim of exceptions, on behalf of the defendant, (1) to the ruling vacating the special appearance of Hurlburt, Jones and Hall and denying the defendant's motion of October 4, 1918; (2) to the ruling that Hurlburt, Jones and Hall were not authorized by the defendant to appear for it, nor was their appearance in any way ratified; (3) to the ruling that as a matter of law the Standard Accident Insurance Company was estopped to be heard on the matter of vacation of

said judgment; (4) to the refusal of the court to grant its requests for rulings.

*D. E. Hall (A. W. Rockwood & R. W. Clapp* with him), for the defendant.

*H. R. Mayo,* for the plaintiff.

RUGG, C. J. This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff through the negligence of an agent of the defendant acting within the scope of his agency. The Standard Accident Insurance Company issued a policy of insurance which, it was contended by the defendant, protected it against loss resulting from such an action as that brought by the plaintiff. The defendant undertook to conform to the conditions of that policy in order to fix liability on the insurance company for whatever loss might accrue to it growing out of the present action. The insurance company disclaimed liability under the policy and declined to defend although notice of pendency was given to it seasonably. The declaration originally contained two counts; the first for personal injuries suffered by the plaintiff, the second for consequential damages flowing from injuries sustained by the plaintiff's wife from the same act of negligence. The action came on for trial. After default of the defendant, a general verdict was returned on both counts in favor of the plaintiff. On February 4, 1918, judgment was entered on the verdict. Execution issued. On April 12, 1918, the plaintiff brought a suit in equity against the insurance company under St. 1914, c. 464 (see now G. L. c. 175, §§ 112, 113), seeking to satisfy his judgment against the defendant out of the obligation created by the policy issued by the insurance company to the defendant. A demurrer to the bill in that suit was sustained, apparently because the judgment in the plaintiff's action against the defendant, having been founded on a general verdict rendered on both counts without separation between the two, did not afford sound basis for the suit against the insurance company. *Williams* v. *Nelson,* 228 Mass. 191, 196. The plaintiff thereafter, on June 15, 1918, filed a petition in the present action, the execution having been returned into court without satisfaction, that the judgment entered in the preceding February be vacated on the ground that his rights had been prejudiced by the return of a general single verdict on the two counts and that this harm might be remedied

by a new trial. Notice was issued on this petition and service was accepted by the attorney for the defendant. The plaintiff filed a bond approved by the court as required by R. L. c. 193, § 17. The petition to vacate judgment was allowed on June 18, 1918, by a judge of the Superior Court other than the one before whom the verdict had been rendered. No notice of this petition was served upon the insurance company. On October 2, 1918, attorneys for the insurance company filed a " special appearance for the defendant" in the present case and filed a motion to set aside the order allowing the petition to vacate the judgment. This motion was denied. The plaintiff filed a motion that the special appearance for the defendant by the attorneys for the insurance company " be vacated." This motion was allowed. These several motions were heard at the time when the case was heard on its merits before a judge without a jury. The plaintiff waived his second count and all claims except for bodily injury, pain and suffering to himself alone. The attorneys for the insurance company contested the plaintiff's contentions at this trial. They took numerous exceptions in the name of the defendant. The case is here upon their bill of exceptions.

The finding of fact by the judge that the attorneys for the insurance company were not authorized to appear for the defendant and that their appearance was not ratified by it is not decisive. The context in the record shows plainly that this was a finding on the evidence outside the policy of insurance issued to the defendant by the insurance company. That policy expressly imposed the duty and conferred the authority upon the insurance company to defend in the name and on behalf of the assured any and all actions brought against the assured founded on causes of action alleged to arise out of the risks indemnified by the insurance. This power coupled with an interest vested in the insurance company when the contract of insurance came into existence. Its exercise thereafter was not dependent upon further assent or ratification by the insured. It continued so long as the contract of insurance endured as a valid agreement. The purpose of such a clause in a policy of insurance is to enable the insurer to protect itself. It is both an obligation and a privilege. *Connolly* v. *Bolster*, 187 Mass. 266. *Davison* v. *Maryland Casualty Co.* 197 Mass. 167.

The conduct of the insurance company had not been such with

respect to the plaintiff as to estop it from exercising the power to enter upon the defence of the action he had brought against the defendant at any time it saw fit. Whatever may be the effect of the conduct of the insurance company as between itself and the assured, there is no estoppel in its relations to the plaintiff. The insurance company owed him no duty to defend his action against the defendant. Its failure to do so at the first affords him no ground for objecting to a later assertion of its rights. It was said in *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286, at page 291: "In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequence might follow. But the doctrine of estoppel is not applied except when to refuse it would be inequitable. 'The law does not regard estoppels with favor, nor extend them beyond the requirements of the transactions in which they originate.' " The record disclosed no facts of this nature.

If it be assumed that the plaintiff might take advantage of estoppel as between the insurance company and the defendant, the same result follows. No facts in the conduct of the insurance company estop it as between itself and its assured from assuming defence of actions brought against the latter, for the results of which the insurer might be liable under the policy. The defendant as assured has not in this particular been misled to its harm, either by the disclaimer of liability under the policy or the attempted cancellation of the policy. The effect of such conduct upon the rights of the insurer and the assured is not here involved further than to say that there is nothing in it which prevents the insurer from defending at any proper stage and at its own expense actions brought against the assured for which it may possibly be liable under the terms of the policy.

The earlier disclaimer by the insurance company of liability under the policy is not an estoppel against changing its position in this regard and undertaking the defence of the action. From the view point of the defendant that course of conduct is the recognition by the insurance company of its error in assuming the first position. The tardy performance of its duty by the insurer has not misled the defendant to its harm. The case upon this point is

governed by the principle discussed in *Jennings* v. *Wall*, 217 Mass. 278, 281, and *Commonwealth* v. *Retkovitz*, 222 Mass. 245, 252, 253, where it was held that a party might change his position during the progress of litigation and that a contention once asserted might be abandoned for another inconsistent with the first, provided no inequity is done to the other side. *Corbett* v. *Boston & Maine Railroad*, 219 Mass. 351, 359.

The circumstance that the case had gone to judgment did not prevent the insurance company from asserting in behalf of the defendant what rights then remained to it. It must, however, take the litigation as it is, when the right to defend is asserted. The insurer, acting under such power to defend as was conferred by the policy of insurance, could not claim any greater recognition because of its delay in undertaking the defence than if it had come into the case at an earlier stage. The insurer, having waited until after the judgment had been vacated before it came in to defend, had no right to attack that action of the court except for causes, if any, which might have been open to it, if it had been heard originally upon the petition to vacate the judgment. To this extent the doctrine of estoppel applies. To hold otherwise would put the plaintiff to a disadvantage.

There was no obligation on the part of the plaintiff to notify the insurance company of its petition to vacate the judgment. The plaintiff had no relation to the insurer. He could not move against it at all except under St. 1914, c. 464. That course could only be pursued after he had obtained judgment against the defendant; then, and not until then, under the conditions named in the statute, he could secure for his own benefit the contract of indemnity made by the insurer with the defendant. The fact that the plaintiff had commenced a proceeding under that statute imposed upon him no obligation to notify the insurance company of further proceedings in the action at law against the defendant.

The insurance company by disclaiming liability under the policy and declining to undertake the defence of the action waived its rights to notice which it would have received through its attorneys if it had availed itself of its privileges under the policy of insurance. It cannot at one and the same moment assert its right and flout its obligation out of which that right springs.

The proceedings of the court appear to have been regular under

R. L. c. 193, §§ 14–17. There is no requirement of law that the petition under that statute be heard by the same judge who heard the case at the time the verdict was rendered or finding made pursuant to which the judgment was rendered. *Reno* v. *Cotter,* 236 Mass. 556, 560. *Benson* v. *Hall,* 197 Mass. 517. The power to reverse the judgment for the cause set forth in the petition carried with it the power to set aside the verdict. Reversal of judgment for such cause implied a setting aside of the verdict. *Barry* v. *New York Holding & Construction Co.* 226 Mass. 14. This was not a mere motion to set aside the verdict alone. The practice applicable to such motions is not pertinent upon the facts here disclosed.

The allowance of the motion to strike out the special appearance entered by the attorneys of the insurance company for the defendant was not error. The record discloses no ground for a special appearance, nor that any was ever set out in the paper purporting to be a special appearance. This was a common law action to which only the plaintiff and the defendant were parties. The judge had the power to refuse to permit attorneys to wear the cloak of a special appearance without justification. The circumstances are quite different from cases where a special appearance is proper. See for example *Cheshire National Bank* v. *Jaynes,* 224 Mass. 14, 19; *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 379. The mere fact that they were attorneys for the insurance company gave them no right to appear specially when the terms of the policy of insurance conferred upon them the express right to appear generally. The case at bar bears no resemblance to *Winch* v. *Hosmer,* 122 Mass. 438, upon which reliance is placed.

The filing of the several motions by these attorneys in the name of the defendant was or might have been treated in effect a general appearance. *Karrick* v. *Trask,* 238 Mass. 476. *Britton* v. *Goodman,* 235 Mass. 471, 475.

There is nothing in the record to show any error of law in granting the petition to vacate the judgment. The power to vacate a judgment and set aside a verdict upon which it is founded is conferred by R. L. c. 193, §§ 15, 16 and 17. The granting of a petition to that end ordinarily rests largely in sound judicial discretion. · *Hunt* v. *Simester,* 223 Mass. 489, 492. *Marsch* v.

*Southern New England Railroad,* 235 Mass. 304. *Porter* v. *Travelers Ins. Co.* 236 Mass. 524. There is nothing in this record to show abuse of discretion. The allowance of the petition may have afforded the plaintiff the only practicable means of enforcing the collection of any judgment which he might ultimately recover. While of course the writ of review or vacation of judgment should be allowed sparingly and only for the purpose of furthering the ends of justice, and not to relieve against slovenly preparation or careless trial of causes, there is no principle of law which forbade the granting of the petition in the case at bar. *Sylvester* v. *Hubley,* 157 Mass. 306. *Soper* v. *Manning,* 158 Mass. 381. *Cutler* v. *Rice,* 14 Pick. 494.

There was no error in the denial of the several requests for rulings. Whether the plaintiff was entitled to recover upon all the evidence was a pure question of fact.

Request numbered five was for a finding of fact. The judge could not be required to make findings of fact in an action at law. No principle was involved akin to that applied in *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17, 18.

There is upon the record no error of law which affects the substantial rights of the parties or which vitiates in any particular the result reached in the Superior Court.

*Exceptions overruled.*