GEORGE LEFFLER *vs.* MICHAEL TODD & others.

Suffolk.  November 10, 1941. — May 31, 1944.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Trustee Process. Jurisdiction,* Over the person. *Equity Jurisdiction,* To reach and apply equitable assets. *Equity Pleading and Practice,* Appearance, Decree.

In a suit in equity begun by trustee process against two defendants, where one of the defendants, who had not been served with process but who had taken an assignment of funds of his codefendant attached on the trustee writ, filed an appearance, in form special, then gave bond under G. L. (Ter. Ed.) c. 246, § 66, dissolving such attachment, and, claiming title to the trusteed funds, procured, on a petition, leave to intervene and became a party to the suit for the stated purpose among others of securing protection as principal on his bond, the discharge of the trustee and "such further relief" as might be required by the circumstances, that defendant had no ground of complaint with respect to a ruling that he had submitted to the court's jurisdiction to the extent of protecting his interest in the trusteed funds or to an order requiring him to file an answer.

No reversible error, on the ground that no cause cognizable in equity was shown, appeared in a decree in a suit in equity to reach and apply alleged equitable assets, begun by trustee process against two principal defendants, granting relief against both, one of whom had not been served with process but had taken an assignment of funds of his codefendant attached on the trustee writ, then had filed a bond dissolving the attachment and, on his petition, had been admitted as a party to determine his title to the trusteed funds.

In a suit in equity begun by trustee process against two principal defendants for damages due to nonperformance of a contract between them and the plaintiff, where one defendant had admitted liability but the second, on whom process had not been served, on his special appearance had been ruled to have submitted to the court's jurisdiction to the extent of protecting his alleged interest in trusteed funds claimed by him as assignee, paragraphs of the final decree running against the second defendant as a debtor of the plaintiff were, on his appeal, ordered struck out.

BILL IN EQUITY, filed in the Superior Court with a writ in trustee process dated April 3, 1940.

The suit previously was before this court as reported in 308 Mass. 243, when appeals from an interlocutory order and an interlocutory decree, ordered by *Greenhalge*, J., were dismissed as prematurely entered.

The suit was further heard in the Superior Court, when the defendant The Hot Mikado Company, Inc., admitted liability to the plaintiff for the full amount of his claim, and the defendant Todd further appealed from an interlocutory decree, entered by order of *Fosdick*, J., denying his motion "that the trustee Shubert Holding Company be discharged and he be hence dismissed as not being personally amenable to the jurisdiction of this court," and also from a final decree entered by order of *Donnelly*, J., (1) adjudging liability of The Hot Mikado Company, Inc., to the plaintiff in the sum of $2,100; (2) that the "defendant Shubert Holding Company, summoned as trustee is charged upon its answer and is ordered to pay to plaintiff the amount of $2,100 which it holds as trustee"; (3) adjudging that the defendant Todd was indebted to the plaintiff in the sum of $2,100; (4) directing that "any interest of defendant Michael Todd in the funds in the hands of defendant Shubert Holding Company" be reached and applied to the payment of his debt to the plaintiff; (5) adjudging that the "receipt by plaintiff of $2,100 from any one of defendants shall be performance" of the decree "for all defendants"; and (6) awarding the plaintiff a blank sum "as its costs and defendant Hot Mikado, Inc., is ordered to pay that amount to the plaintiff, and any interest of defendant Michael Todd in the funds in the hands of defendant Shubert Holding Company is reached and applied to the payment of said costs."

*W. P. Everts*, for the defendant Todd.

*E. Williamson*, for the plaintiff.

RONAN, J. This is a bill in equity, inserted in a trustee writ, which was brought by the plaintiff to recover $2,000 alleged to be due for services as booking agent in accordance with a contract made by him with the defendant The Hot

Mikado Company, Inc., hereafter called Mikado, and with the defendant Todd. The defendant Shubert Holding Company, hereafter called Shubert, was also the trustee named in the trustee writ. The bill alleged that Shubert had entered into an agreement with Mikado and Todd for the presentation of several performances of a play at Shubert's Theatre; that Shubert collects admissions from those who witness the performances of the play and accounts to Mikado and Todd for some part of the proceeds from the sales of tickets; and that Shubert has distributed to the defendants Herrick's, Inc., Wm. Filene's Sons Company and Macy Drug Company, hereafter called the ticket agencies, tickets for these performances which they were to sell and account for to Shubert. The bill seeks to establish the claim of the plaintiff and to reach and apply the interest of Mikado and Todd in the proceeds of the sales of tickets now in the possession, or which may subsequently come into the possession, of Shubert and the three ticket agencies. Todd was a resident of New York and was never served with process. After previous appeals were dismissed, *Leffler* v. *Todd*, 308 Mass. 243, further proceedings were had in the Superior Court. Todd appealed from various interlocutory decrees and from the final decree.

Todd makes but two contentions, first, that he has not submitted himself to the jurisdiction of the court, and, secondly, that the plaintiff has no cause of action cognizable by a court of equity because the interest sought to be reached in a certain executory theatrical contract between Mikado and Shubert could not be reached in equity and the funds in the hands of Shubert, as trustee, which was all that was attached, could be attached at law.

There is no dispute that the contract for the performances of the play was between Shubert and Mikado and not between Shubert on one side and Mikado and Todd on the other, as the bill alleged. It is agreed that the attachments held funds due to the defendant Mikado to the extent of $2,100. After the plaintiff had attached by the trustee writ and by a special precept, G. L. (Ter. Ed.) c. 246, § 5, c. 223, § 86, $2,100 due Mikado in the hands and possession

of Shubert, Todd received from Mikado an assignment of all its rights and claims to money due or to become due from Shubert to Mikado under the said contract between Shubert and Mikado. Thereafter, on April 29, 1940, Todd filed a bond in the penal sum of $2,100 to dissolve the trustee attachment of the $2,100 in the possession of Shubert, in which Todd bound himself to pay to the plaintiff any judgment the plaintiff might recover up to the amount for which Shubert as trustee might be charged. G. L. (Ter. Ed.) c. 246, § 66. Todd, claiming title to the trusteed funds by the said assignment, filed a petition on May 29, 1940, praying for leave to intervene and become a party to this suit, in order that the court might protect him as principal on his bond as claimant; that Shubert be discharged; that Todd be released on his bond; and for such further relief in the premises as the nature of the circumstances might require. Todd also alleged in this petition that "the plaintiff has no cause of action cognizable by a court of equity." An interlocutory decree was entered admitting Todd as a party in order to determine his title to the trusteed funds. His claim to said funds was heard upon a statement of agreed facts and he appealed from an interlocutory decree denying it. Upon the plaintiff's motion, made after Todd filed his petition to intervene, that the bill be taken for confessed against Todd unless he filed an answer, on the ground that Todd's action in this litigation constituted a general appearance, the court ruled that Todd, having appeared specially to assert a claim to the funds attached, had submitted himself to the jurisdiction of the court "for the purpose of protecting the property attached and to the extent of the property attached is subject to such jurisdiction and is required to answer to the merits of the bill." Todd was ordered to file an answer before a certain day or the bill might be taken for confessed. Todd appealed from this order of June 28, 1940. He later filed an answer, was heard on the merits and appealed from a final decree which, among other things, established an indebtedness of Todd in the sum of $2,100 to the plaintiff and ordered that any interest he had in the trusteed funds be applied in satisfaction of this indebtedness.

Todd contends that the court did not acquire jurisdiction over him. Todd as claimant to the trusteed funds was entitled to be admitted as a party to determine his title to these funds and, if they should be found to belong to him, to have an order that the trustee pay them to him and for his costs. G. L. (Ter. Ed.) c. 246, §§ 33, 82. *Dennis* v. *Twitchell,* 10 Met. 180. *Boylen* v. *Young,* 6 Allen, 582. *Hubbard* v. *Lamburn,* 189 Mass. 296. *Meteor Products Co. Inc.* v. *Société d'Electro-Chemie et d'Electro-Métallurgie,* 263 Mass. 543. *Kelly* v. *Foley,* 284 Mass. 503. *Levin* v. *Lerner,* 290 Mass. 294. *Georgeopoulos* v. *Georgeopoulos,* 303 Mass. 231. A claimant may show that the nature of the suit is such that trustee process will not lie, or that no proper service was made upon the trustee, or that the goods, effects or credits purporting to have been attached were not subject to such attachment. *Webster* v. *Lowell,* 2 Allen, 123. *Wilde* v. *Mahaney,* 183 Mass. 455. *Zani* v. *Phandor Co.* 281 Mass. 139. *Matthew Cummings Co.* v. *Grande,* 281 Mass. 546.

The claimant, however, was also named as defendant in the bill which alleged that both he and Mikado were parties to the contract under which the plaintiff was attempting to establish a claim against both of them. In his petition to intervene Todd alleged that the plaintiff had no cause of action cognizable in equity. Only the funds of Mikado had been attached, and the only claim that Todd had to the attached property was through Mikado. He did not request that the court determine whether the plaintiff had a cause of action against Mikado alone. What he sought was an adjudication that the plaintiff had no cause of action enforceable in equity against either Mikado or himself. None of the prayers of the petition specifically sought an adjudication of his title to the property attached, or any order that the trustee deliver this property to him. Instead, he requested the court to protect his interests as principal on the bond which he had given to dissolve the attachment. It is doubtful in these circumstances whether Todd was entitled to have the court entertain the petition so that it might pass upon his liability upon the bond. Finally, the petition contains a prayer for general relief or,

as phrased by the petition, for "such further relief in the premises as the nature of the circumstances may require." We do not think that one specially appearing as a claimant can seek an adjudication of the plaintiff's claim against himself as a defendant and general relief without submitting personally as a defendant to the jurisdiction of the court. The case comes within the principle that one, adopting the form of a special appearance in order not to submit to the jurisdiction of the court, brings himself within the jurisdiction by seeking relief in matters lying beyond the narrow field covered by the special appearance. *Karrick* v. *Trask*, 238 Mass. 476. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414. *Cohn* v. *Cohn*, 310 Mass. 126. *Tobin* v. *Downey*, 310 Mass. 721. *Buckley* v. *John*, 314 Mass. 719.

The judge, instead of ruling that Todd by seeking relief of the character mentioned had become subject to the jurisdiction of the court, ruled that he had submitted himself to the jurisdiction to the extent of the property attached. The effect of this ruling was to limit this defendant's liability upon the plaintiff's claim to the interest that Todd had in the property attached and any judgment if rendered against him would run only against the property as attached. *Cheshire National Bank* v. *Jaynes*, 224 Mass. 14. *Salmon Falls Manuf. Co.* v. *Midland Tire & Rubber Co.* 285 Fed. 214. The effect of that order was not to make Todd a defendant for all purposes as he seems to contend. Furthermore, we do not know what took place at the hearing upon the motion to take the bill for confessed. In any event, Todd has no just complaint with respect to the ruling that he had submitted to the jurisdiction of the court to the extent of protecting his interest in the trusteed funds and was required to file an answer. It has been held that the dissolution of a trustee attachment by the giving of a bond conditioned to pay any judgment that the plaintiff might recover in an action brought against nonresident defendants who had not been served with process constituted a general appearance. *Britton* v. *Goodman*, 235 Mass. 471.

This defendant next contends that the bill does not set out a cause cognizable in equity or, to put it more specifi-

cally, that the bill does not set out a creditor's bill under G. L. (Ter. Ed.) c. 214, § 3 (7), for there was no property of the alleged debtors, Mikado and Todd, that could be reached by an equitable attachment. The character of a creditor's bill, the nature of the property subject to an equitable attachment and the necessity for such an attachment in order to maintain the bill have been frequently stated, sometimes when an attempt has been made to reach the interest of the debtor in an executory contract the performance of which requires the furnishing of work and services by the debtor. See *Pettibone* v. *Toledo, Cincinnati, & St. Louis Railroad,* 148 Mass. 411; *Wheelock* v. *Globe Construction Co.* 195 Mass. 456; *Hopedale Manuf. Co.* v. *Clinton Cotton Mills,* 224 Mass. 193. Compare *Citizens Loan Association* v. *Boston & Maine Railroad,* 196 Mass. 528; *Bethlehem Fabricators, Inc.* v. *H. D. Watts Co.* 286 Mass. 556. The plaintiff could have attached the money due from Shubert to Mikado by a trustee writ in an action at law if service of the writ was made upon Shubert at times when it held funds belonging to Mikado, and Mikado if sued in equity could waive the defence that the creditor had an adequate remedy at law. *Parker* v. *Nickerson,* 137 Mass. 487. *White Sewing Machine Co.* v. *Morrison,* 232 Mass. 387. *O'Connor* v. *Slachetka,* 237 Mass. 228. *Baker* v. *Langley,* 247 Mass. 127. *Nelson* v. *Belmont,* 274 Mass. 35. *Westfield Savings Bank* v. *Leahey,* 291 Mass. 473. Todd held an assignment of Mikado's interest in the attached funds, and he had a right to show that the suit in which the attachment was made could not be maintained because all that was attached was the funds in the hands of Shubert and the bill did not seek to reach and apply the kind of property that was subject to an equitable attachment. The inability of the plaintiff to reach and apply Todd's interest in the sum owed by Shubert would seem to be of little or no practical importance in any event, since the plaintiff's attachment by trustee process was good, covered the entire fund, and was prior to the assignment to Todd. Although the attachment by trustee process has now been dissolved by bond, the bond is presumably good and gives the plaintiff full security.

Todd is the only party who has appealed, and we confine ourselves to determining whether any error as to him appears in the various decrees from which he has appealed. *Kilkus v. Shakman,* 254 Mass. 274. *Thomas E. Hogan, Inc. v. Berman,* 310 Mass. 259. *Waitt v. Harvey,* 312 Mass. 384.

It follows that all the interlocutory decrees appealed from by Todd must be affirmed. As Todd was made a party defendant only for the purpose of protecting his interests in the attached funds, the final decree should not run against him personally. The third, fourth, fifth and sixth paragraphs of that decree must be struck out. The following words appearing at the end of the second paragraph must be struck out, to wit, "and is ordered to pay to plaintiff the amount of $2,100 which it holds as trustee." The final decree as so modified must be affirmed with costs.

*Ordered accordingly.*