226

*Northern District*
No. 6320

**SOLOMON KOLODNY** and another,
**Trustees**

v.

**PATRICIA O'REILLY KHOURY,**
and Trustee

*Present:* Brooks, P.J., Connolly, Yesley, J.J.

Case tried to *Feloney, J.* in the Third District Court of Eastern Middlesex No. 4536 of 1963

Yesley, J. *This action was brought by trustee process to recover for rent due under a lease.* The trustee bank answered in substance that it held funds in the amount of $170.12 of Patricia O'Reilly Khoury but that it did not know "if the owner of the funds attached was the same as the defendant", and it called upon the plaintiff for proof thereof. The defendant, described in the writ as "of Cambridge", was not served with process, but filed a paper entitled "Defendant's Special Appearance", in which it is stated that "appearing specially for the purpose of contesting jurisdiction of (the) Court, and further appearing specially solely for the purpose of defending monies herein attached by the plaintiff (she) answers as follows." There followed an enumeration of defenses including a general denial, a denial of the genuineness of her signature on the lease, payment and various other affirmative defenses.

The only witness at the trial was Solomon Kolodny, a plaintiff, who testified that in April of 1962 he saw one Patricia O'Reilly sign a lease by the plaintiffs to her of an apartment on Beacon Street, Boston, for a term of fifteen months from June 1, 1962, that subsequently she used the name Patricia O'Reilly Khoury, that she moved out in May of 1963, that on the day of trial the "person described

in the lease was in the Court House and. . . . answered to the name 'Patricia O'Reilly Khoury', and. . . .discussed with the plaintiff the late arrival of her attorney, Nelson Gediman'', who had filed the ''Defendant's Special Appearance'' referred to above. There was a finding for the plaintiff in amount of $515.00.

The defendant claims to be aggrieved by the denial of the first three requests for rulings made by her and by ''the Court's ruling that (she) submitted to the jurisdiction of this Court beyond the defense of the. . . .($170.12) under attachment''.

The requests which were denied were:

1. The evidence is insufficient to warrant a finding that the defendant, Patricia O'Reilly Khoury, is the same person described in the alleged lease as Patricia O'Reilly.

2. The evidence is insufficient to warrant a finding that the person whose bank account has been attached in this case is the same person described in the alleged lease.

3. Upon all the evidence there must be a finding for the defendant because there is no evidence as to the identity of the person whose bank account has been attached.

A procedural question, not considered by the parties, arises at the outset as to whether the draft report was filed prematurely.

This would be so if the cause was not then ripe for judgment. (See Rule 28 of the Rules of the District Courts (1965)). It does not appear from the docket entries that any steps had been taken to charge or discharge the trustee. Whether the cause then was ripe for judgment need not be decided however, as we treat the signing of the report by the trial justice as consent under Rule 28 to the filing thereof nevertheless.

We now turn our attention to the defendant's contention that the court erred in ruling in effect that it had jurisdiction to render a judgment in excess of the amount under attachment.

Clearly the court had jurisdiction over the subject matter of the action (G.L. c. 218, § 19; c. 223, §§ 2, 3). It was an action that could properly be commenced by trustee process. G.L. c. 246, § 1. There was also jurisdiction over the person. The defendant, described in the writ as of Cambridge, does not dispute her residency in the Commonwealth at the time of the commencement of the action. For the court to acquire jurisdiction over the person of a resident, it need only be shown that the defendant was served with process (G.L. c. 223, §§ 29, 31), or if not found in the Commonwealth was given a substituted form of notice. (See G.L. c. 223, § 34; c. 227, § 10). Examination of the officer's return on the writ shows no service on the defendant. The docket

entries disclose no move to obtain a substituted form of notice.

■ However, the defendant voluntarily filed a so-called ''Special Appearance'' to contest ''the jurisdiction of the court'' and to defend the monies under attachment. We are not aware of any procedure whereby a resident of the Commonwealth, whose property has been attached by trustee process in an action whose subject matter is within the jurisdiction of the court, may appear therein for such limited purposes. See Mottla—Civil Procedure (3rd Ed.), section 67.

■ Having thus appeared voluntarily, the defendant thereby submitted herself to the jurisdiction of the court, and it was no longer necessary to serve her with process. *Phillips* v. *Director General of Railroads*, 251 Mass. 263, 266; *Bateman* v. *Wood*, 297 Mass. 483, 486; *Buckley* v. *John*, 314 Mass. 719, 722.

■ By describing the document as a special appearance, where there was no basis in law for the filing of such an appearance, the defendant did not avoid its effect as her appearance for all purposes; see *Rollins* v. *Bay View Auto Parts Co.*, 239 Mass. 414, 423; *Leffler* v. *Todd*, 316 Mass. 227, 232. Stripped of its title and the assertion of non-existent special purposes, its substance was that of an answer to the merits.

■ Beyond that, the docket entries show that the defendant also answered interrogatories

and was represented by counsel at a trial on the merits, thereby giving further evidence of her appearance generally. See *Buckley* v. *John,* supra, at p. 722; *Rollins* v. *Bay View Auto Parts Co.,* supra at p. 423.

 Cases involving a special appearance by a non-resident defendant whose property in the Commonwealth has been attached (see *Cheshire National Bank* v. *Jaynes,* 224 Mass. 14) are distinguishable. A non-resident is not amenable to process which will confer in personam jurisdiction over him in the courts of the Commonwealth and without subjecting himself to such jurisdiction he may appear specially to protect his interest in property attached in an action in our Courts. See *Cheshire National Bank* v. *Jaynes,* supra, at p. 18.

Reference also should be made to the right of a third person claiming the property in the hands of the alleged trustee to be admitted as a party to the trustee action to determine his title to such property, G.L. c. 246, § 33. Thus, if the defendant here were *not* the Patricia O'Reilly who signed the lease (and later became known as Patricia O'Reilly Khoury) she would have the right to be admitted as a third party claimant, but not to contest the case on the merits since by the very nature of her interposition she would be completely indifferent to the merits of the plaintiff's action for rent. The defendant, however, did not take this position. She went to trial on the merits and the

trial justice found her to be the person who signed the lease. As such, she could have no standing as a third party claimant having no interest in the outcome on the merits but solely concerned as an outsider with the title to the attached property.

 We conclude then that the defendant has appeared generally and the trial justice was not limited in his finding to the amount under attachment.

Turning now to the defendant's requests which were denied by the trial justice. He properly refused the request (No. 1) that he rule that the evidence was insufficient to warrant finding that the defendant is the one described in the lease as Patricia O'Reilly.

 The evidence cited earlier in this opinion amply warrants the finding of identity. There was testimony that the person who signed the lease was in the Court House on the date of trial, answered to the name of "Patricia O'Reilly Khoury", and referred to the attorney who tried the case for the defendant as her attorney. This is far more than bald identity of name. See *Herman* v. *Fine,* 314 Mass. 67.

 Request No. 2 relates to the sufficiency of the evidence to warrant a finding that the owner of the bank account trusteed is the same as the person described in the lease. That issue was not properly before the Court, and the trial justice should not have ruled on it. It is an issue which is determined in a separate pro-

ceeding wherein it is sought to charge or discharge the trustee. (G.L. c. 246, §§ 13, 14). The ruling of the trial justice thereon is therefore of no effect.

Request No. 3 asked that the trial justice rule that there must be a finding for the defendant "because there is no evidence as to the identity of the person whose bank account has been attached". The trial justice properly refused to grant that request since, as stated infra, the evidence warranted a finding for the plaintiff on the merits, and the question of the identity of the owner of the trusteed account is a matter for a separate hearing.

There being no prejudicial error, the report is ordered dismissed.

JOSEPH McDONOUGH, ESQ.

for the plaintiff

NELSON GEDIMAN, ESQ.

for the defendant