## Bernard HART
### vs.
## Raymond KEOVENEY

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**April 11, 1980**

Paul L. Tariot for the plaintiff.
Louis A. Cassis for the defendant.

Present: Cowdrey, P.J., Flynn & Z JJ.

FLYNN, J. This case originated a

★The Honorable Samuel E. Zoll w a member of the panel at the hearing this matter, but took no part in the fin decision of this case which was issu subsequent to his resignation from t Appellate Division.

action in tort for abuse of process. It has never been tried on the merits. The motion judge in the District Court division allowed a Dist./Mun. Cts. R. Civ. P. 60 motion filed by the defendant to set aside a default judgment, apparently on the ground that the defendant had never received notice of the action. The judge also passed on the plaintiff's requests for rulings of law, which requests related solely to the Rule 60 motion, and took no action on requests for findings of fact filed by the plaintiff.

The plaintiff then filed a request for a report which was denied by the judge. Such denial may be deemed tantamount to the dismissal of a draft report. **Lowe v. Brownville,** 56 Mass. App. Dec. 155, 157 (1975), and cases cited. In denying the plaintiff's request for a report, the judge ruled that the allowance of the defendant's Rule 60 motion was an interlocutory matter which was not a proper subject for a report to the Appellate Division at that stage of the proceedings. Further, the judge ruled that he did not deem it appropriate to voluntarily report the matter under Dist./Mun. Cts. R. Civ. P. 64(d). He also ruled that, inasmuch as the defendant's request for rulings related solely to the allowance of the defendant's Rule 60 motion, the disposition of each request constituted an interlocutory ruling which should not be appealed until the case had been tried on the merits.

The matter comes before this Division on a claim of error in the court's denial of the plaintiff's request for report and requests for findings of fact.

There was no error. The report before us raises only a question of the propriety of the dismissal order itself, and does not serve as an appropriate procedural vehicle to obtain review of alleged substantive errors of law or issues relating to the merits of an action.[1]

The allowance of the defendant's Dist./Mun. Cts. R. Civ. P. 60 motion for relief from judgment constituted an interlocutory order. The justice, therefore, properly exercised his discretionary authority under Dist./Mun. Cts. R. Civ. P. 64(d) to refuse to report the order to this Division. The plaintiff was thus not entitled to a report, and the court properly denied the plain-tiff's request for one. **Zeidman v. Doherty,** Mass. App. Div. Adv. Sh. (1979) 423, 424, citing C. Wright & A. Miller, Federal Practice and Procedure, Civil s. 2871 (1973). An interlocutory matter may be reviewed by this Division only upon the voluntary report of a justice. G. L. c. 231, s. 108; Dist./Mun. Cts. R. Civ. P. Rule 64(d); **Kolodny v. Khoury,** 38 Mass. App. Dec. 226, 229-230 (1966); **Patrick v. Mikolaitis,** 22 Mass. App. Dec. 167, 168 (1961); **Pokrant v. Horrigan,** 20 Mass. App. Dec. 1, 2 (1960). The justice herein declined to report the matter voluntarily, and was consequently free to dismiss the plaintiff's attempt to secure a premature appeal, inasmuch as no party is entitled as a matter of right to piecemeal appellate review. **Pollack v. Kelly,** 372 Mass. 469, 471 (1977); **Rollins Environmental Services, Inc. v. Superior Court,** 368 Mass. 174, 179-180 (1975); **Albano v. Jordan Marsh Co.,** 367 Mass. 651, 654-655 (1975).

The plaintiff is similarly precluded from obtaining appellate consideration of the motion judge's implied denial of the plaintiff's requests for findings of fact. A judge in the District Court Department cannot be required to make findings of fact, and requests directed to findings of fact rather than rulings of law may be denied. **Stella v. Curtis,** 348 Mass. 458, 461 (1965); **Liberatore v. Framingham,** 315 Mass. 538, 542 (1944).

The reasons that this Division is not inclined to pass upon interlocutory matters unless they are voluntarily reported by the judge under Rule 64(d) and G. L. c. 231, s. 108 are obvious. The party aggrieved by an interlocutory ruling may prevail at

---

[1]Given the limited scope of the instant appeal, the plaintiff's motion to strike certain portions of the defendant's written brief was unnecessary, and is hereby denied. The evidentiary statements in the defendant's brief to which the plaintiff objects pertain solely to the merits of the Rule 60 order entered in the lower court, and thus have not been considered by this Division. Moreover, an alternative disposition of the plaintiff's motion would, in all fairness, require striking both parties' briefs in their entirety. Said briefs address only the merits of the motion judge's order to vacate judgment, and thus argue issues neither raised in the report nor properly before this division at this time.

the trial on the merits, thereby mooting the grievance. Further, this Division could very well be inundated with numerous interlocutory matters, not only in situations where Rule 60 motions to set aside a judgment are allowed, but also in the cases of denials of Rule 41(b)(2) motions to dismiss, Rule 56 motions for summary judgment or Rule 12(b)(6) motions brought for failure to state a claim upon which relief can be granted; as well as where Rule 52 motions to amend findings or Rule 59 motions for a new trial are allowed.

No error having been found, the report is dismissed.

So ordered.
J. Flynn