### McLAUGHLIN v. FISK RUBBER CO.

### In re BROWN.

(District Court, D. Massachusetts. March 28, 1923.)

### No. 1119.

1. **Bankruptcy ⚎166(4)—Test of preference is whether creditor had information which ought to have led to conclusion preference was intended.**

   Since the amendment of Bankruptcy Act, § 60b, in 1910 (Comp. St. § 9644), the test whether a conveyance to a creditor during insolvency and within four months of bankruptcy was a preference is whether the creditor receiving the preference had at the time such information as ought to have led a reasonably prudent man to conclude that a preference was intended.

2. **Bankruptcy ⚎166(4)—Information buyer could not pay in cash because overstocked does not give notice preference would result.**

   Information that a buyer of tires was unable to meet his obligations to pay in cash therefor at the time specified, especially when coupled with a statement that he was overstocked with tires, does not give reasonable cause to believe that a preference was intended by his return to the seller of the tires bought, to which the seller agreed because there had been an advance in price.

3. **Bankruptcy ⚎185—Trustee cannot attack sale under Bulk Sales Law unless creditor had lien.**

   Only a creditor can avoid the sale of a stock of goods under the Massachusetts statute relative to the sale of merchandise in bulk (G. L. Mass. c. 106, § 1), and a trustee in bankruptcy does not take the creditor's rights, unless at the time of the filing of a petition in bankruptcy the creditor actually held a lien by legal or equitable process, so that he cannot attack a transfer under that statute by the bankrupt, where there was no showing that such lien existed in favor of any creditor.

⚎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by Edward A. McLaughlin, Jr., as trustee, in bankruptcy of George Leroy Brown, Jr., against the Fisk Rubber Company. Decree entered, dismissing the bill of complaint.

E. A. McLaughlin, Jr., and Loring, Coolidge, Noble & Boyd, all of Boston, Mass., for plaintiff.

R. R. Sullivan and Adolph M. Schwartz, both of Boston, Mass., for defendant.

BREWSTER, District Judge. This is a bill in equity brought by the plaintiff, as trustee in bankruptcy of George Leroy Brown, Jr., against the Fisk Rubber Company, a New York corporation, to recover certain payments made to the defendant which the plaintiff claims operated as a preference under the bankruptcy laws. The case was referred to a master and the essential facts found and reported by him may be briefly stated as follows:

Bankrupt had been purchasing tires of the defendant since late in 1919 and had made his purchases through one Reed, a traveling salesman employed by the defendant company. On February 1, April 6, and April 22, 1920, the bankrupt ordered tires, which were shipped to him, the purchase price of which aggregated about $1,409.70. Payments were to be made, one-half May 10 and one-half June 10, 1920. Reed called at the bankrupt's place of business occasionally up to May 10, 1920. On that date Reed requested payment of the amount due, and the bankrupt stated that he was overloaded with tires and did not have the cash. This statement was repeated to Reed on May 16. Thereupon Reed, after conference with the general manager of the defendant's Boston office, told Brown that if he would return the goods he would place them with other dealers, as the price had advanced, if the bankrupt would sacrifice his profits, and that the defendant would give the bankrupt credit for the amount at which the goods were charged to him. Bankrupt consented to this arrangement, the tires were delivered to Reed and by him turned over to other dealers, and bankrupt was credited with the sum of $768.05, leaving bankrupt still owing the defendant $641.65. In reselling the tires Reed acted as agent for the defendant. Brown was insolvent at the time, but, except as Reed knew that the bankrupt was overstocked and was unable to meet his obligations in cash, he had no knowledge or reason to believe that the bankrupt was insolvent.

The arrangement for a return of the tires and the consequent return of them all took place within four months prior to filing of the involuntary petition in bankruptcy. It is the claim of the plaintiff that the transaction constituted a preference voidable under section 60b of the Bankruptcy Act (Comp. St. § 9644).

It is apparent that all the elements of a preference are present in this case, and the real question is whether the defendant's agent, Reed, had reasonable cause to believe that the transfer would effect a preference. Such reasonable cause, if it existed, must be found in the facts that the bankrupt failed to meet his payment on May 10, 1920, his statement that he was overstocked, and his statement that he did not have sufficient cash to pay the bill.

[1] Since the amendment of 1910 the test seems to be whether the creditor receiving the preference had at the time such information as ought to have led a reasonably prudent man to the conclusion that a preference was intended. In re Brayton (D. C.) 276 Fed. 1020; City National Bank v. Slocum (C. C. A.) 272 Fed. 11.

[2] It can hardly be said that bankrupt's inability to pay in cash as the payments for the tires became due would necessarily lead a reasonably prudent man to conclude that the bankrupt was insolvent or would be unable to pay his debts in the usual course of business. Especially is this true in view of the bankrupt's statement, which appeared to be trustworthy, that he was carrying a surplus stock. I do not find that the defendant knew or had reasonable cause to believe that a preference was intended or would be effected by taking over the tires and selling them at an advanced price.

[3] The plaintiff also asserts the claim that the sale was voidable by him for the reason that the parties did not comply with the laws of Massachusetts relative to the sale of merchandise in bulk. Gen. Laws, c. 106, § 1. This claim was not set forth in the pleadings and was not made at the hearings before the master. There is some question whether on the record the question is open to the plaintiff, but if it may be now pressed the same result would follow. The sale as between the bankrupt and the defendant would be good. If it should be held that the statute applied, only a creditor could avoid the sale; and the trustee does not take the creditor's rights unless, at the time of the filing of the petition in bankruptcy, the creditor actually held a lien by legal or equitable process. In re Gay & Sturgis (D. C.) 251 Fed. 420.

In the absence of anything to the contrary, it may be assumed that no such lien existed in this case. The plaintiff, therefore, can only maintain his suit in equity by establishing a voidable preference under section 60b of the Bankruptcy Law of the United States. This, as already indicated, the plaintiff has failed to do.

Decrees should be entered confirming the master's report, and dismissing the plaintiff's bill of complaint.