JOHN J. FLANNAGAN & another *vs.* JOHN H. KEEFE & others.

Worcester. September 22, 1924. — October 17, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Equity Jurisdiction,* To relieve from fraud, Bona fide purchaser. *Evidence,* Of title.

Allegations in a bill in equity were that a mortgagee of real estate, in violation of an agreement with the mortgagor, the plaintiff, and in fraud of his rights, foreclosed the mortgage by sale under its terms; that at the sale the property was purchased by a third party who subsequently conveyed it to the wife of the mortgagee; that the wife sold and conveyed the property to one, who was the holder of the title at the time of the filing of the bill, for a price that was about fifty-five per cent of its value; that at the time of the sale to such holder, the wife of the mortgagee had actual knowledge of the agreement between the plaintiff and her husband; and that such holder of the title had notice that the mortgagee had no right to sell or convey. There was no allegation that the purchaser at the foreclosure sale had any knowledge of the agreement between the mortgagee and the plaintiff or that he did not bid for the property in good faith and pay a valuable consideration therefor. On demurrer to the bill, it was *held,* that

(1) There was no allegation from which it could be inferred that there was any infirmity in the title received by the purchaser at the foreclosure sale;

(2) No intendment could be made in favor of the bill;

(3) Although there was an allegation that the wife of the mortgagee knew of his agreement with the plaintiff when she sold the property to the present holder, there was no allegation from which it could be inferred that when she received the property from the purchaser at the foreclosure sale she was not a *bona fide* purchaser for value;

(4) The title received by the wife of the mortgagee could not be affected by what she learned after she received title;

(5) It not being alleged that the wife of the mortgagee participated in the original fraud and the title of the purchaser at the foreclosure sale not being open to question on the allegations of the bill, the wife received a good title by conveyance from him;

(6) The wife having received a good title, the present owner, when she conveyed to him, received a good title although at the time he knew of the agreement between the plaintiff and the mortgagor;

(7) The bill could not be maintained.

BILL IN EQUITY, filed in the Superior Court on August 30, 1923, against John H. Keefe, Kathryn A. Fogarty Keefe, Alek Petkwic and Aga Petkwic, seeking a reconveyance of certain real estate alleged to have been fraudulently procured by a foreclosure of a mortgage held by John H. Keefe and by subsequent purchases by the other defendants.

Material allegations of the bill are described in the opinion. The defendants Keefe demurred to the bill on the following grounds:

" 1. That the plaintiffs have not stated any such cause of action in their bill which entitles them to any relief in equity as against these defendants.

" 2. That the purpose and intent of the said bill is to declare a trust in and concerning land, but it is not alleged that said trust was created, evidenced, or declared by an instrument in writing signed by the party creating or declaring the alleged trust, as by law required.

" 3. That on the face of the bill the plaintiffs are estopped to deny that the transfer or mortgage between them and the defendant John H. Keefe was other than appeared on the face thereof.

" 4. That if the plaintiffs ever had any rights, they have been guilty of laches in enforcing same.

" 5. That the bill of complaint is vague and indefinite so that it does not appear from a reading thereof as to just what constitutes the basis of the plaintiffs' claim."

The demurrer was heard by *Hammond*, J., by whose order there was entered a final decree sustaining the demurrer and dismissing the bill. The plaintiffs appealed.

The case was submitted on briefs.

*J. H. P. Dyer, J. H. Meagher & E. Zaeder*, for the plaintiffs.

*E. W. Baker, R. W. Robbins & S. M. Salny*, for the defendants.

CROSBY, J. This is a bill in equity in which the plaintiffs seek a reconveyance to them of certain real estate, and an accounting with reference thereto. The defendants John H. Keefe and Kathryn A. Fogarty Keefe demurred to the bill on the ground of want of equity, and upon other grounds; the demurrer was sustained, and a final decree has been entered in the Superior Court dismissing the bill without costs; the case is before us on appeal from that decree.

The bill in substance alleges that the plaintiffs, while the owners of the real estate in question, in September, 1902, became financially embarrassed and unable to meet their obligations; that by reason of this condition they entered into an agreement with the defendant John H. Keefe whereby the latter was to satisfy their creditors; that in consideration thereof, they executed to him two mortgages on the real estate, for $2,700 and $700 respectively, to secure the payment of notes for those amounts, upon the agreement and promise of Keefe to the plaintiffs, that he would pay their creditors, and account to them, and they agreed to reimburse him for all moneys which he had so expended; that it was further agreed between them and Keefe that the instruments so given should not be construed as mortgages in fact, but were executed solely to protect the title to the property pending negotiations for settlement with the creditors of the plaintiffs; that in July, 1904, bankruptcy proceedings were threatened the plaintiffs by certain of their creditors; that upon the fraudulent representations made by Keefe to the plaintiffs that it was necessary to take foreclosure proceedings in order to conserve the property,

he (Keefe) foreclosed the first mortgage dated September 16, 1902, and on July 26, 1904, executed a deed under the power of sale contained in the mortgage to one Deschenes, which was duly recorded in the registry of deeds; that Deschenes by quitclaim deed dated July 17, 1905, conveyed the premises to the defendant Kathryn A. Fogarty Keefe, wife of the defendant John H. Keefe; that this deed was not recorded in the registry of deeds until July 16, 1921; that on July 2, 1923, Keefe and his wife conveyed the property to the defendants Alek and Aga Petkwic.

The bill further alleges that the defendant John H. Keefe sold certain fixtures out of the buildings, and collected rents from the property for twenty years; that a portion of the premises was occupied by the plaintiffs; that from September, 1902, to July, 1923, Keefe represented to the plaintiffs that the property belonged to them; that they have demanded from him an accounting; that in 1923 he rendered a statement of amounts expended by him on their behalf, which they disputed; that it was agreed that the disputed items should be left to arbitration, and a person was selected so to act, but before any hearing could be held Keefe and his wife conveyed the property as above set forth.

It is further alleged that the defendant Kathryn A. Fogarty Keefe had actual knowledge of the agreement between the plaintiffs and her husband before she sold the property; that it was worth $18,000, and was sold by them for a sum not exceeding $10,000; that the defendants Alek and Aga Petkwic, the purchasers, had notice that Keefe had no title to the premises and had no right to convey them.

The first question to be determined is, whether there is any allegation in the bill which, if proved, would defeat the title of Deschenes, the purchaser of the property at the foreclosure sale. There is no allegation that he had knowledge of the alleged agreement between Keefe and the plaintiffs, or that he did not bid off the property in good faith and pay a valuable consideration therefor. There is no allegation from which it could be inferred that there was any infirmity in the title taken by Deschenes. We can make no intendment in favor of the bill. *Bowker* v. *Torrey*, 211 Mass.

282. In the absence of any allegation that the property was sold to the purchaser at the foreclosure sale with the knowledge on his part of the alleged agreement, the bill is in that respect demurrable.

Although Deschenes conveyed the premises to Mrs. Keefe, there is no allegation either in substance or to the effect that she was not a *bona fide* purchaser for value. There is no allegation that she had any knowledge or notice of the alleged agreement between the plaintiffs and her husband before she took title. The only allegation of knowledge on her part is that before she sold it to the Petkwics she knew of the agreement. If one purchases real estate in good faith for value, in ignorance of an infirmity in the title, the validity of his title will not be affected by what he afterwards learns respecting such infirmity. *Wyman* v. *Hooper*, 2 Gray, 141, 146. *Sunter* v. *Sunter*, 190 Mass. 449, 454. It is well settled that the declarations of a grantor after he has divested himself of the estate are not admissible to prove that the title of the grantee is invalid, as being fraudulent against creditors of the grantor. *Aldrich* v. *Earle*, 13 Gray, 578. *Winchester* v. *Charter*, 97 Mass. 140. *Rawson* v. *Plaisted*, 151 Mass. 71. *O'Donnell* v. *Hall*, 154 Mass. 429. *Hughes* v. *Williams*, 218 Mass. 448, 452.

It is equally well settled that the title of an innocent purchaser for value of an estate cannot be impeached by knowledge of facts acquired afterwards.

Besides, if Deschenes was a *bona fide* purchaser for value, then Mrs. Keefe took whatever title he had, even if she knew of the agreement between the plaintiffs and her husband. *Nickerson* v. *Massachusetts Title Ins. Co.* 178 Mass. 308, 313. *Livingstone* v. *Murphy*, 187 Mass. 315, 321. *Jeselsohn* v. *Park Trust Co.* 241 Mass. 388, 390. It follows that if Mrs. Keefe had a valid title to the real estate she conveyed a good title to the Petkwics, although they had notice of the agreement before the sale to them.

As the demurrer must be sustained for the reasons stated, we do not consider it necessary to consider the other grounds argued in the plaintiff's brief.

*Decree affirmed.*