GEORGE W. REED *vs.* HAROLD A. PHEENEY.

Suffolk. March 4, 1925. — June 26, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* To relieve from results of fraud; Bona fide purchaser. *Equity Pleading and Practice,* Findings by judge, Appeal, Restraining order.

A bill in equity to require reconveyance to the plaintiff of shares of corporate stock, which it was alleged the defendant through fraud had procured to be transferred by the plaintiff to a third person, who was a straw for the defendant and who then had transferred the shares to the defendant, properly may be dismissed where a judge who heard the suit found, on evidence which was reported by a commissioner appointed under Equity Rule 35 (1905) and which warranted the findings, that the plaintiff's stock was surrendered by him to the corporation voluntarily, that the third person acquired the stock *bona fide,* and that the defendant then received it by purchase for value from an innocent holder, since, whether or not fraud of the defendant caused the plaintiff to part with his shares, the interposition of a *bona fide* purchaser without notice of the fraud defeated any right to rescission and return.

BILL IN EQUITY, filed in the Superior Court on April 21, 1924, seeking reconveyance to the plaintiff of shares of stock in the General Mortgage and Loan Corporation, alleged to have been procured by the defendant through fraud.

In the Superior Court, the suit was heard by *Weed,* J., a commissioner having been appointed under Equity Rule 35 (1905) to take the evidence.    The facts found by the judge are described in the opinion.    A final decree was entered dismissing the bill.    The plaintiff appealed.

*G. W. Reed, pro se.*

*W. Powers,* (*D. Needham* with him,) for the defendant.

WAIT, J.    The plaintiff was the clerk and a director of the General Mortgage and Loan Corporation, and was the owner of three hundred ninety-five shares of its capital stock, which could not be sold or transferred unless first offered to the directors who could purchase at the book value.    The defendant is an officer, director and large shareholder in the corporation and has been influential in its business since its inception.

In October, 1921, the plaintiff resigned his offices, and a few days later turned over his certificate of stock at a meeting of the directors.    He seeks by this bill to restrain the defendant, who now owns the stock once held by the plaintiff, from transferring the shares or voting upon them, and to compel him to deliver them to the plaintiff.    He alleges that the resignation and surrender of the stock were obtained by the defendant by means of false and fraudulent statements made to the plaintiff with the intent to get rid of him as an officer of the corporation, and to obtain his stock for much less than its value.    The bill sets out the statements alleged to be false and fraudulent; the reliance of the plaintiff upon them; and it traces the course of the certificates of stock through one Barbara M. Moran, alleged to be the defendant's straw, to the defendant.

In the Superior Court the judge found that the statements made to the plaintiff were relied upon by him and were false, fraudulent and intended to deceive the plaintiff and to influence his actions; that the defendant intended thereby to secure the plaintiff's resignation, but that nothing was said until after the resignation about the stock; and that the stock was surrendered to the corporation, not to the defendant, voluntarily, in reliance upon the plaintiff's own judgment; that Miss Moran acquired the stock *bona fide,* and for

herself; and that the defendant holds it by purchase for value from an innocent holder.

It is not contended that there was not evidence from which the judge could make the conclusions he reached. We cannot say that his findings are clearly wrong. They must stand. *Harvey-Watts Co.* v. *Worcester Umbrella Co.* 193 Mass. 138, 142.

It follows that the decree dismissing the bill must be affirmed. It is not necessary to decide whether the judge was right in ruling that the representations did not constitute an actionable fraud. The plaintiff is not entitled to the conveyance of the stock which he seeks. The interposition of a *bona fide* purchaser without notice of the fraud defeats any right to rescission and return. *Callahan* v. *Massachusetts Trust Co.* 188 Mass. 393. The defendant as matter of law does not hold the stock as the fruit of his deceit: and this cause as it has been tried and argued does not seek relief other than redelivery of the stock.

The decree dissolving the restraining order was correct. The matter rested in the discretion of the court. G. L. c. 214, § 22.

*Decrees affirmed.*