THOMAS E. HOGAN, INC. *vs.* DORIS BERMAN & others.

Suffolk.     October 8, 1941. — November 18, 1941.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Bankruptcy*, Trustee's rights.     *Fraudulent Conveyance.     Sale*, In bulk, Rescission.     *Fraud.     Uniform Fraudulent Conveyance Law.     Equity Jurisdiction*, Fraudulent conveyance.

The right of a vendor as a creditor to set aside a transfer made by the vendee either with intent to defraud his creditors or in violation of the sales in bulk act passed to the vendee's trustee in bankruptcy as of the date of his filing a petition in bankruptcy and could not be exercised by the vendor thereafter.

A vendor of goods could not maintain a suit in equity against the trustee in bankruptcy of his vendee and a purchaser from the vendee for a reconveyance of the goods to the plaintiff or a payment to him of their value by the purchaser on the ground that both the vendee and the purchaser from him had procured the goods through fraud where a master found that the purchaser from the vendee had paid valuable consideration and had not participated in the fraud of the vendee.

BILL IN EQUITY, filed in the Superior Court on October 6, 1939, and afterwards amended.

The prayers of the amended bill were that the "purported sale" to Sherman, described in the opinion, be declared void

and set aside; that the "purported sale" to the Bermans be declared void and set aside; and that the defendants Berman, or either of them, deliver the tires to the plaintiff, or pay to the plaintiff the value thereof, or, in the alternative, such damages as the court might determine the plaintiff was entitled to recover.

The suit was heard by *Sheehan*, J.

*S. L. Kaplan*, for the plaintiff.

*A. Hurwitz*, for the defendants Berman.

RONAN, J.   The plaintiff, a wholesale distributor and retail dealer in automobile tires, sold one hundred tires to the defendant Sherman on September 11, 1939, for $854.10. Upon receipt of these tires, on September 11 and 12, by Sherman, they were immediately transferred and sold to the defendant Irving Berman, hereinafter called Berman, for $700.   Berman maintained two stores under different names and his wife, the defendant Doris Berman, filed a married woman's certificate purporting to show that one of these stores was conducted by her.   Sherman was adjudged a bankrupt upon a voluntary petition filed on September 18, 1939, and the defendant Rubin, trustee of the bankrupt estate, appeared and claimed the tires or their value.   The plaintiff on October 6, 1939, brought this bill in equity to set aside the sale of the tires.   From a final decree adjudging that the trustee had no interest in the tires, ordering Berman to deliver the tires to the plaintiff, and dismissing the bill as against the defendant Doris Berman, Irving Berman appealed, and the plaintiff appealed on the ground that it was entitled to recover from both Irving Berman and Doris Berman the value of the tires at the time when they were sold to Sherman.

The bill is based upon two grounds: first, that the sale from Sherman to Berman was in violation of G. L. (Ter. Ed.) c. 106, § 1, the sales in bulk act; and second, that the sale to Sherman was procured by fraud, that the subsequent sale to Berman was made by Sherman without fair consideration and with intent to hinder, delay and defraud, and that Berman should reasonably have known of such intent.

The plaintiff, however, had no right, when it filed its bill, to have the transfer to Berman set aside as fraudulent because it was not made in compliance with the sales in bulk act, G. L. (Ter. Ed.) c. 106, § 1, even if we assume in its favor that there was a violation of this statute. The right to set aside a transfer made by the bankrupt with intent to defraud his creditors and a statutory right given to a creditor to avoid a fraudulent conveyance made by his debtor passed to the trustee in bankruptcy as of September 18, 1939, when Sherman filed his petition in bankruptcy, U. S. C. Sup. V, Title 11, § 110a (4), e, and this included the right of the creditor to set aside a transfer made in contravention of the bulk sales act. *Dodd* v. *Raines,* 1 Fed. (2d) 658. *Gross* v. *Grossman,* 2 Fed. (2d) 458. *Pratt Paper Co.* v. *Eiffler,* 196 Iowa, 199. *Union Guardian Trust Co.* v. *Detroit Creamery Co.* 265 Mich. 636. *Mott* v. *Reeves,* 125 Misc. (N. Y.) 511, 246 N. Y. 567. *Goodwin* v. *Tuttle,* 70 Ore. 424. Compare *McLaughlin* v. *Fisk Rubber Co.* 288 Fed. 72.

The present suit having been commenced subsequently to the filing of the petition in bankruptcy by Sherman, the plaintiff then had no right to bring a suit to set aside the transfer to Berman on the ground that it did not comply with the bulk sales act, and to apply the tires to the satisfaction of its claim to the exclusion of the other general creditors of Sherman. *Glenny* v. *Langdon,* 98 U. S. 20. *Trimble* v. *Woodhead,* 102 U. S. 647. *Moyer* v. *Dewey,* 103 U. S. 301, 303. *Acme Harvester Co.* v. *Beekman Lumber Co.* 222 U. S. 300, 308. *Bingaman* v. *Commonwealth Trust Co.* 15 Fed. (2d) 119. *Gochenour* v. *George & Francis Ball Foundation,* 35 Fed. Sup. 508, affirmed 117 Fed. (2d) 259. Where suits by creditors were pending before the filing of a petition in bankruptcy, see *Straton* v. *New,* 283 U. S. 318; *Taylor* v. *Sternberg,* 293 U. S. 470.

The plaintiff, apparently attempting to avoid the difficulty that must be encountered if it proceeds on the theory that the tires were a part of the assets of the bankrupt, framed its bill on the further ground that it was entitled, on account of the fraud of both vendees, to a reconveyance

of its property from Sherman and also from Berman. But even aside from the question of bankruptcy, the plaintiff does not show a case where it was entitled to set aside the transfer to Berman. As between the plaintiff and Sherman, the plaintiff upon the findings of the master would be entitled to rescind the sale on the ground of fraud if the tires were still in the possession of Sherman or the rights of an innocent third person had not intervened, *Watson* v. *Silsby*, 166 Mass. 57; *Phinney* v. *Friedman*, 224 Mass. 531; *Donovan* v. *Clifford*, 225 Mass. 435, or, if Sherman had been adjudged a bankrupt, to recover the goods upon a petition for reclamation filed in the bankruptcy proceedings. *Kamberg* v. *Springfield National Bank*, 293 Mass. 24, 26, and cases cited. See collection of cases in 59 Am. L. R. 413. But since upon the findings of the master Berman did not know of nor participate in any fraud of Sherman and had purchased the goods for a valuable consideration, the plaintiff cannot obtain a reconveyance of the tires nor recover their value from Berman. *Callahan* v. *Mercantile Trust Co.* 188 Mass. 393. *Pierce* v. *O'Brien*, 189 Mass. 58. *Cohen* v. *Levy*, 221 Mass. 336. *Reynolds* v. *Park Trust Co.* 245 Mass. 440. *Flannagan* v. *Keefe*, 250 Mass. 118. *Reed* v. *Pheeney*, 253 Mass. 90. Am. Law Inst. Restatement: Restitution, § 13. Williston, Contracts (Rev. ed.) § 1531. And the same result would follow under the uniform fraudulent conveyance act, G. L. (Ter. Ed.) c. 109A, as the findings of the master do not show that in purchasing the tires Berman did not give fair consideration. "The law protected the innocent purchaser before as it has since the adoption of the uniform act." *Barishefsky* v. *Cohen*, 299 Mass. 360, 362. *Mason* v. *Wylde*, 308 Mass. 268.

The plaintiff was not seeking in its bill to establish any joint liability upon the part of the trustee in bankruptcy. The trustee did not appeal and the decree could not be modified in his favor upon the plaintiff's appeal, nor could he avail himself of a defence raised by one of the other defendants on his appeal if the facts alleged in the bill are sufficient to give relief. *Kilkus* v. *Shakman*, 254 Mass. 274, 280. *Pofcher* v. *Fisher*, 272 Mass. 78, 83. The bill, how-

ever, shows that it was brought after Sherman had filed a petition in bankruptcy and consequently did not state a case that entitled the plaintiff to relief as against any defendant. *Forbes* v. *Tuckerman,* 115 Mass. 115. *McArthur* v. *Hood Rubber Co.* 221 Mass. 372, 375. *Mayor of Cambridge* v. *Dean,* 300 Mass. 174, 175. *Harrison* v. *Deremiah,* 2 Bibb, 349. *Lingan* v. *Henderson,* 1 Bland, 236, 257.

The final decree must be reversed and a decree entered dismissing the bill.

*Ordered accordingly.*