C. REISS COAL COMPANY, Appellant, vs. STROIK, Defendant:
LORBIECKI, Garnishee Defendant and Respondent.

*February 25—April 8, 1947.*

For the appellant there was a brief by *A. H. Eberlein* of Wausau, attorney, and *Buchen, Currie, Federer & Grote* of Sheboygan of counsel, and oral argument by *George R. Currie*.

For the respondent there was a brief by *Smith, Okoneski, Puchner & Tinkham* of Wausau, and oral argument by *Richard P. Tinkham*.

ROSENBERRY, C. J.    The plaintiff argues that if the defendant's contention is sound, then the trustee in bankruptcy should

have been joined as a plaintiff, that he was not joined, therefore there is a defect of parties plaintiff and the question not having been raised by demurrer or answer, it is waived.

It is well established by the decisions of the United States supreme court that the trustee in bankruptcy gets the title to all property which has been transferred by a bankrupt in fraud of creditors, or which prior to the petition he could by any means have transferred, or which might have been levied upon or sold under judicial process against him. *Moore v. Bay* (1931), 284 U. S. 4, 52 Sup. Ct. 3, 76 L. Ed. 133. See also 6 Am. Jur., Bankruptcy, p. 596, sec. 150, and cases cited in note 17.

Sec. 70a of the Bankruptcy Act, 11 USCA, sec. 110a, provides that—

"the trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law as of the date of the filing of the petition with the title of the bankrupt to all the property," etc. 4 Collier (14th ed.), Bankruptcy, p. 943, sec. 70.04, and cases cited.

"It was generally held that the right conferred by former section 67e to recover property transferred by the bankrupt in fraud of his creditors belonged exclusively to the trustee in bankruptcy, and that the grant of concurrent jurisdiction to bankruptcy and state courts found in the last sentence of that subdivision extended only to suits instituted by the trustee against adverse claimants." 4 Collier (14th ed.), Bankruptcy, p. 406, sec. 67.48, and cases cited in notes 6 and 7. See also *Thomas E. Hogan, Inc., v. Berman* (1941), 310 Mass. 259, 37 N. E. (2d) 742.

There are exceptions to these rules, none of which apply to the facts in this case. It appears therefore that the exclusive jurisdiction to hear, try, and determine controversies relating to the fraudulent transfer by the bankrupt is in the proper bankruptcy court.

The proceeding in this case is a straight garnishment action in which the plaintiff asks that the proceeds be applied to the liquidation of its claim. Under these facts it would be futile for this court to proceed to consider a case of which neither the trial court nor this court has jurisdiction.

*By the Court.*—The judgment appealed from is vacated, and cause remanded to the trial court with directions to dismiss the plaintiff's complaint for want of jurisdiction.