CHARLES HURWITZ *vs.* KENNETH CARPENZANO.

Suffolk.    January 5, 1953. — January 29, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Sale,* Conditional sale, Contract of sale.    *Contract,* Validity.

A contract of sale of an automobile between two dealers containing the provisions "Title will not pass to purchaser until payment in full has been made. If final payment is made by check title will not pass until check is paid," was a contract of conditional sale subject to G. L. (Ter. Ed.) c. 255, § 13A, as appearing in St. 1939, c. 509, § 1, although simultaneously with the making thereof and delivery of the automobile the purchaser gave the seller a check, subsequently protested for insufficient funds, for the full purchase price.

TORT.    Writ in the Superior Court dated April 10, 1950.

The action was heard without jury by *Broadhurst, J.,* who found for the defendant. The plaintiff alleged exceptions.

*Benjamin S. Freeman,* for the plaintiff.

*Richard C. Sheppard,* for the defendant.

WILKINS, J.    This is an action of tort for the conversion of an automobile, which the plaintiff sold to one Irving Benjamin, who in turn sold it to the defendant. Both parties and Benjamin were dealers. The decisive question is whether a written agreement between the plaintiff and Benjamin was a contract of conditional sale subject to the provisions of G. L. (Ter. Ed.) c. 255, § 13A, as appearing in St. 1939, c. 509, § 1. The judge ruled that it was, and found for the defendant.

Section 13A provides: "No instrument evidencing a conditional sale of personal property shall be valid unless it contains a provision that, in case of repossession and sale of

such personal property for default in payment of any part of the total time price, all sums paid on account of such price and any sum remaining from the proceeds of a sale of such repossessed personal property after deducting the reasonable expenses of such repossession and sale shall be applied in reduction of such price, and that, if the net proceeds of such sale exceed the balance due on such price, the sum remaining shall be paid to the vendee; provided, that this section shall not apply to an instrument evidencing a conditional sale of personal property affixed or attached to real estate in any other manner than by an electrical connection."

The instrument here did not contain this provision, so the question is merely whether the statute applies. *Lehan v. North Main Street Garage, Inc.* 312 Mass. 547, 550. *Mogul v. Boston Acceptance Co. Inc.* 328 Mass. 424. The agreement, dated March 28, 1950, and on a form supplied by the plaintiff, recited that the contract embodied all the terms and conditions of sale. After stating the price and describing the automobile by maker's name, year of manufacture, model, and motor number, the agreement provided, "Title will not pass to purchaser until payment in full has been made. If final payment is made by check title will not pass until check is paid."

Other facts appear in the findings of the judge. The plaintiff delivered the automobile to Benjamin, who gave the plaintiff his check, dated March 28, 1950, for the full purchase price. The check was subsequently protested for insufficient funds. In the meantime Benjamin sold the automobile to the defendant, who paid him in full upon delivery. There was evidence that the defendant later sold it.

The plaintiff asserts that there was a cash transaction and not a conditional sale, because the check bore the date of the sale. This fails to give proper weight to the contemporaneous written agreement, the language of which is clear that title was not to pass until payment in full even if made by check. It is urged that § 13A is intended to apply only to instalment payments. The statute does not say this, how-

ever.  It is in broad terms reading, "No instrument evidencing a conditional sale of personal property shall be valid unless . . . ," and there is one exception as to certain personal property affixed or attached to real estate. We are unable to engraft another exception.  A conditional sale, of course, does not have to be one for payment in instalments.  Hoar, Conditional Sales, page 3.  The purpose of § 13A is to benefit all conditional vendees, whether purchasing at a price to be paid in a lump sum or instalments, by limiting the conditional vendor in case of repossession and sale for default to the amount of his security interest and expenses of sale.  In each case any excess must go to the conditional vendee.  The plaintiff is not aided by other provisions in St. 1939, c. 509, § 1.  The ruling of the judge was right.

*Exceptions overruled.*