*Southern District*

### EAGLE FINANCE COMPANY

v.

### LILLIAN M. NORFOLK

(June 26, 1958)

*Present*: Nash, P. J., Cox and Sgarzi, JJ.

Case tried to TORPHY, S.J., in the Second District Court of Bristol. No. 11019.

*Sgarzi, J.* The plaintiff sues in contract to recover a balance allegedly due under a conditional sales contract assigned to the plaintiff by the conditional vendor. The first count in the declaration is for the balance due under the contract and the second is a common count for merchandise sold and delivered. The answer is a general denial.

*At the trial there was evidence that* the defendant and the plaintiff's assignor, United Auto Sales, Inc. on or about November 7, 1956 entered into a contract for the purchase and sale of a motor vehicle. The instrument, which was introduced in evidence, was entitled "Conditional Sale Agreement" and showed the purchase price to be $295.00, an insurance premium of $8.00, a finance charge of $27.00 and a down payment of $50.00

leaving a balance of $280.00 which was to be paid in 35 weekly payments of $8.00 each. The defendant made payments until February 15, 1957 at which time there was a balance of $178.00 remaining unpaid. The defendant made no further payment and asked the plaintiff to take the car which the plaintiff did on or about April 30, 1957 when this action was brought.

The plaintiff has retained possession of the car which was found to be in a state of disrepair. It had a fair market value of $25.00 but was not sold.

At the close of the trial the plaintiff made six requests for rulings of law, all of which were denied and the judge without making any special findings of fact made a finding for the defendant.

The plaintiff's first request was "The conditional sale contract which violates the provisions of G. L. c. 255, §13A is not thereby rendered void; such violation invalidates the condition of the sale only."

G. L. c. 255, §13A provides that "no instrument evidencing a conditional sale of personal property shall be valid unless it contains a provision that, in case of repossession and sale of such personal property for default in the payment of any part of the total time price, all sums paid on account of such price and any sum remaining from the proceeds of a sale of such repossessed personal property after deducting the reasonable expenses of such repossession and sale shall be applied in reduction of such price, and that,

if the net proceeds of such sale exceed the balance due on such price, the sum remaining shall be paid to the vendee."

It is apparently conceded that the conditional sale contract in question did not conform to the requirements of this statute and the case was argued on this basis.

The case of *Lehan v. North Main Street Garage, Inc.,* 312 Mass. 547 holds that a contract of conditional sale which does not contain the provisions of the statute is not wholly void but only so much of the contract as evidences the condition of the sale is invalidated. It has the effect of depriving the vendor of his security title and leaves the sale otherwise valid as the equivalent of a sale on credit. It also holds that the words "No instrument evidencing a conditional sale of personal property shall be valid" as they appear in the statute, should be construed as if they read, "No instrument in so far as it evidences the condition in a conditional sale of personal property shall be valid."

In the light of this decision it is apparent that the plaintiff's first request states a correct principle of law. *Mogul v. Boston Acceptance Co.,* 328 Mass. 424; *Nickerson v. Zeoli,* 332 Mass. 738; *Clark & White v. Fitzgerald,* 332 Mass. 603.

■ It is, of course, possible that the judge could have made specific findings of fact which would have rendered the denial of this request immaterial. *Hurley v. Ornsteen,* 311 Mass. 477; *Bresnick v. Heath,* 292 Mass. 293; *Strong v. Haverhill Electric,* 299

Mass. 455. However the plaintiff has a right to know whether the judge has correctly instructed himself as to the law in order that his right of review may be preserved. *Biggs v. Densmore,* 323 Mass. 106; *Hetherington v. Firth,* 210 Mass. 8; *Adamaitis v. Met. L. Ins. Co.,* 295 Mass. 215.

In the absence of special findings of fact it is not possible to determine whether the judge adopted correct rules of law for his guidance. In these circumstances the denial of plaintiff's first request for ruling of law was prejudicial error.

It is therefore ordered that the case be remanded for a new trial.

Horvitz & Horvitz, of Fall River, for the Plaintiff.

Thomas F. McGuire, of Fall River, for the Defendant.