*Municipal Court of the City of Boston*
No. 486186
**FENWAY PARK MOTORS, INC.**
v.
**KENWOOD P. FREELEY**

(December 11, 1959 — July 6, 1960)

*Present:* Adlow, C. J., Gillen & Glynn, JJ.

Case tried to *Lewiton, J.*

*Adlow, C. J.* Action of contract to re-cover a deficiency arising out of the reposses-sion and sale of an automobile purchased under a conditional sales contract. It does not appear that the facts were in dispute.

*There was evidence that* the defendant purchased from the plaintiff under a con-ditional sales contract a 1953 Cadillac coupe for a cash selling price of $1,995.00, and for additional finance and insurance charges of $942.20, which in the aggregate constituted a total time price of $2,937.20. The defendant made a down payment of $410, leaving a net time balance of $2,527.20. The report is obscure with respect to the payments made by the defendant subsequent to the original down payment. It is clear, however, that shortly after the execution of the agreement of sale, the defendant fell behind in his pay-ments, the insurance policies were .cancelled by the plaintiff, and the car was repossessed and sold at public auction for $775.00, for which the defendant was credited on his account. The report is obscure as to how much return premium was received by the plaintiff on account of the cancelled insurance policies. Nor does it appear that the defendant was credited with any amount on account of said return premiums. In this action the plaintiff seeks to recover a balance of $1401.20 plus $280.24, being the 20% fee for attorney's services provided for in the condition sales

agreement, — in all the claim aggregated $1681.44.

The contract in issue was executed in May, 1957 and is governed by the provisions of G. L. c. 255, §13A, hereafter to be referred to as §13A. Since October 1, 1957 the new Uniform Commercial Code (G. L. c. 106, §9-504) has become effective and the provisions of §13A have been repealed. The conditional sales agreement executed by the parties in this cause provided in part:

> "In the event of the repossession and sale of the property for default in payment of any part of the total time price all sums paid on account of such price, and any sum remaining from the proceeds of a sale of such repossessed property, after deducting the reasonable expenses of such repossession and sale, shall be applied in reduction of such price, and if the net proceeds of such sale exceed the balance due on such price, the sum remaining shall be paid to purchaser. However, if the net proceeds of such sale are less than the balance then due, purchaser agrees to pay upon demand to the seller or his assignee the amount of such deficiency, together with expenses of collection, including an attorney's fee of 20% which purchaser agrees to pay to seller or his assignee if, after any such default, this contract is placed with an attorney for collection."

The court properly ruled that this provision in the conditional sales agreement of the parties did not meet the requirements of §13A of c. 255 of the General Laws. The court also properly ruled that the failure of the con-

ditional vendor to comply with the provisions of §13A resulted in the loss of title in the car to the conditional vendor. However, the court refused to rule as requested by the defendant that if the plaintiff repossessed the car he cannot as a matter of law sue for the balance of the purchase price. There was a finding for the plaintiff in the amount of $1305.00.

It is rather remarkable that the particular issue raised by this report has never been adjudicated before. Nearly all the cases involving the interpretation of §13A concern the rights of innocent purchasers for value from conditional vendees. *Lehan v. No. Main St. Garage, Inc.,* 312 Mass. 547; *Mogul v. Boston Acceptance Co.,* 328 Mass. 424; *Hurwitz v. Carpenzano,* 329 Mass. 702; *Clark v. A. & J. Transp. Co., Inc.,* 330 Mass. 327; *Clarke & White, Inc. v. Fitzgerald,* 332 Mass. 603. From these cases it is most apparent that a failure to meet the requirements of §13A served to deprive a conditional vendor of his security title and left him to his bare right to hold the buyer for the purchase price. In *Lehan v. North Main Street Garage, Inc.,* the court thus defined the right remaining in the seller who failed to meet the requirements of §13A — "the sale will then become a sale on credit, and the vendor cannot recover the property but can maintain an action for the unpaid price." (312 Mass. 547, 550). In *Nickerson v. Zeoli,* 332 Mass. 738, the conditional vendor was denied the right

to replevy the goods sold on terms which did not comply with §13A.

■ In the cause under review the conditional vendor repossessed the car, and after crediting the amount realized by the sale of the car, it seeks to collect the unpaid balance plus a 20% fee for legal expenses. Apparently the conditional vendor seeks to enforce collection under the terms of his agreement. In view of the court's ruling that the contract in issue violated the provisions of §13A, to permit such a recovery would serve to defeat the policy and purpose of the act. *Bernhardt v. Atlantic Finance Corp.,* 311 Mass. 183, 189. The vendor did not repossess the car by reason of any rights deriving from the contract. *Nickerson v. Zeoli,* supra.

■ If the car was returned to the vendor it was because the vendee did not choose to stand on his legal rights and resist the seller, but acquiesced in an arrangement to return the car. It was not a repossession under the contract. What actually happened was that the parties by mutual arrangement disaffirmed the transaction and called off the deal.

In *A. & H. Finance Co. v. Goldman,* 293 Mass. 113, 115, the court pointed out that unless the parties had a special arrangement permitting both repossession and suit for the purchase price, the only recourse to the unpaid seller was either (1) to reclaim the car or (2) to sue for the purchase price. In the *Goldman* case there was a special arrangement, and it was on the validity of this

arrangement that the court passed. In sustaining the contract the court gave legal effect to an arrangement which permitted a conditional vendor to repossess a car when default occurred, to sell it, and to hold the conditional vendee for the unpaid balance on the contract without crediting him with the amount realized by the sale of the car. It was to prevent this unfair and unconscionable type of contract that the legislature incorporated the provisions of §13A into the laws governing conditional sales. (G. L., c. 255, §13A). What the legislature did in passing §13A was to say that if the parties in their special contract did not make an arrangement, with respect to the repossession of the car that was reasonable, the conditional vendor lost his security title to the car, and could only enforce his right to the purchase price. He could not have both a right to the car and a right to sue for the unpaid balance. In other words, he was limited to his common law right of either (1) rescinding the transaction by taking back the car, or (2) affirming the sale and suing for the purchase price. *A. & H. Finance Co. v. Goldman,* supra. He could not have both privileges. *Schmidt v. Ackert,* 231 Mass. 330; *Russell v. Martin,* 232 Mass. 379. In the cause under review after ruling that this contract violated the terms of §13A, the court conceded the right of the conditional vendor to receive a return of the car and in addition to sue for the balance due on the purchase price. In effect this ruling confers

on the vendor all of the benefits of his contract despite its invalidity and in the face of the obvious policy and purpose of the law. The ruling was clearly wrong and the finding for the plaintiff must be vacated.

*Finding for the plaintiff vacated.*
*Finding to be entered for the defendant.*

Louis A. Macy of Boston, for the Plaintiff.
James F. Freeley of Boston, for the Defendant.